UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO TSA LOCAL 1121; COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO; and ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; ADAM STAHL, in his official capacity as the Senior Official Performing the Duties of the Administrator of the Transportation Security Administration; and TRANSPORTATION SECURITY ADMINISTRATION,<br><br>Defendants. | CASE NO. 2:25-cv-451-MJP<br><br>DECLARATION OF AMELIA GLYMPH |

DECLARATION OF AMELIA GLYMPH – 1
CASE NO: 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

**DECLARATION OF AMELIA GLYMPH**

I, Amelia Glymph, hereby declare as follows:

1. My name is Amelia Glymph.

2. I am over eighteen years of age and am competent to testify.

3. I am currently Deputy Chief of Staff of the American Federation of Government Employees ("AFGE"). I have been employed by AFGE since 2009.

4. AFGE is a labor organization that represents approximately 47,000 Transportation Security Officers ("TSOs") of the Transportation Security Administration ("TSA") in airports located throughout the United States.

5. AFGE, by and through its affiliates, officers and representatives, advocates for workers' rights and improving the employment conditions of its members by, among other things, negotiating collective bargaining agreements ("CBAs") on behalf of the bargaining unit employees that it represents, administering the terms of those CBAs through a negotiated grievance process leading to binding arbitration, and conducting issue advocacy.

6. TSOs voted to have AFGE be their representative via a secret ballot election conducted by the Federal Labor Relations Authority ("FLRA") on June 23, 2011. TSOs chose AFGE as their union over another union that ran in the election and over the option of having no union.

7. After winning the election to represent TSOs, the FLRA certified AFGE as TSOs' exclusive representative on June 29, 2011, in FLRA case number 65 F.L.R.A. No. 53.

8. As of February 11, 2025, AFGE had 25,980 TSO members who chose to be dues paying members of AFGE by voluntarily entering a membership agreement between themselves

DECLARATION OF AMELIA GLYMPH – 2
CASE NO: 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
**BARNARD IGLITZIN & LAVITT LLP**

and AFGE. Of these 25,980 members, 24,178 paid their dues to AFGE via TSA's payroll deduction system.

9. AFGE and TSA have executed 4 CBAs since 2011. AFGE entered into its first CBA with TSA in November 2012, which covered such subjects as the performance management process, the employee awards process, bidding procedures for leave and shifts, and uniform policies. The 2012 CBA was negotiated following a determination issued by former TSA Administrator John S. Pistole on February 4, 2011 (the "2011 Determination"). A true and accurate copy of the 2011 Determination is attached to this declaration as Exhibit 1.

10. AFGE and TSA entered into subsequent CBAs in 2016 and 2020.

11. I have been a negotiator on every CBA between AFGE and TSA since 2015. I have served as AFGE's chief negotiator since 2019.

12. Effective December 30, 2022, former TSA Administrator David Pekoske issued a new determination on collective bargaining (the "2022 Determination"). The 2022 Determination expanded AFGE's union rights, expanded the subjects of bargaining that could be negotiated, and set a timeline for the initiation of negotiations for a new CBA. A true and accurate copy of the 2022 Determination is attached to this declaration as Exhibit 2.

13. AFGE and TSA began negotiating the new CBA in June 2023. In my capacity as chief negotiator, I personally participated, along with my bargaining team, in the development of AFGE's bargaining strategy, the drafting of AFGE's bargaining proposals and counterproposals, and in negotiations with TSA. I also served as AFGE's chief spokesperson.

14. The negotiations were completed on March 5, 2024, and the CBA was ratified by the TSOs on March 11, 2024.

15. The CBA was then reviewed and approved by the agency head on April 19, 2024.

DECLARATION OF AMELIA GLYMPH – 3
CASE NO: 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

16. On May 16, 2024, AFGE and TSA held a joint signing ceremony at John F. Kennedy International Airport (JFK).

17. TSA issued a press release announcing the 2024 CBA on May 16, 2024. A true and accurate copy of the press release, downloaded from the TSA website at https://www.tsa.gov/news/press/releases/2024/05/16/tsa-and-afge-reach-new-collective-bargaining-agreement, is attached to this declaration as Exhibit 3.

18. The parties therefore had a signed and binding CBA, effective on May 24, 2024. A true and accurate copy of the 2024 CBA is attached to this declaration as Exhibit 4.

19. The 2024 CBA included expanded subjects of bargaining. The articles covered the following topics: health and safety, payroll services, equal employment opportunity, labor-management forums, the Family Medical and Leave Act, official time, prohibited personnel practices, disciplinary and adverse actions, and grievance and arbitration processes. The CBA also guaranteed TSA the ability to exercise management rights, such as the ability to determine its internal security practices and to take whatever actions may be necessary to carry out TSA's mission during an emergency.

20. Article 13, Section A.3 of the 2024 CBA provides that, "[t]he Agreement may only be changed upon mutual written consent of the Parties."

21. Article 37 of the 2024 CBA sets the duration of the 2024 Agreement as seven years and provides specific processes for the reopening and renegotiation of the agreement and the articles therein.

22. Article 6 of the CBA grants bargaining unit employees the use of official time to provide their fellow TSOs with representation in various matters such as bargaining, grievances and arbitrations, and statutory appeals, and to otherwise administer the terms of the CBA.

DECLARATION OF AMELIA GLYMPH – 4
CASE NO: 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

**BARNARD IGLITZIN & LAVITT LLP**

23. Official time permits AFGE representatives, such as union officers elected by members of its TSA bargaining unit, to represent the union's institutional interests, a group of bargaining unit employees, or an individual bargaining unit employee, in grievances, arbitrations, appeals to the U.S. Merit Systems Protection Board, unfair labor practice complaints, collective bargaining, formal discussions, and investigative interviews conducted by TSA.

24. AFGE representatives employed by TSA do not use official time to engage in internal union business or partisan political activities.

25. In my experience, official time and access to TSA systems are important tools used by AFGE to meet its representational obligations on behalf of bargaining unit employees. It assists AFGE, for example, by allowing union representatives to facilitate the early and prompt resolution of workplace disputes at the lowest level.

26. Article 7 of the CBA requires that TSA allow those TSOs who join AFGE to use, at the election of the employee, TSA's payroll deduction system to deduct their union dues from their pay. Article 7 also requires that TSA transmit electronically those voluntary payments from TSOs to AFGE. AFGE then distributes a portion of the payments it receives from TSOs back to its TSA affiliates to be used for their administration and for the representation of TSOs.

27. In my experience, use of TSA's payroll deduction system for the deduction and transmission of union dues to AFGE is an efficient means to process dues payments for the parties because it provides a stable platform for the transfer of dues and resource planning.

28. Department of Homeland Security ("DHS") Secretary Kristi Noem notified AFGE that TSA would no longer adhere to the binding 2024 CBA via a February 27, 2025, memorandum entitled "Supporting the TSA Workforce by Removing a Union That Harms

DECLARATION OF AMELIA GLYMPH – 5
CASE NO: 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Transportation Security Officers" (the "Noem Determination"). The Noem Determination also asserted that AFGE was no longer the exclusive representative of TSOs.

29. The Noem Determination was sent to me directly by Lisa Baker-Amos, TSA's Director, Labor Relations on March 7, 2025. A true and accurate copy of the Noem Determination that I received is attached to this declaration as Exhibit 5.

30. AFGE was not informed that the Noem Determination was under consideration prior to my receipt of it on March 7, 2025, nor was AFGE provided with an opportunity to be heard with respect to the Noem Determination or TSA's attempt to rescind the 2024 CBA.

31. On March 7, 2025, Jason Nelson, TSA's Assistant Administrator for Human Capital, informed AFGE by letter that it was TSA's position that AFGE was no longer the exclusive representative of bargaining unit employees, that TSA was terminating the payroll deduction of union dues, and that TSA was unilaterally canceling all pending grievances. A true and accurate copy of the letter I received is attached to this declaration as Exhibit 6.

32. On March 7, 2025, TSA issued a press release, email, and FAQ regarding its termination of collective bargaining with AFGE and rescission of the 2024 CBA. A true and accurate copy of the press release, downloaded from the TSA website at https://www.tsa.gov/news/press/releases/2025/03/07/dhs-ends-collective-bargaining-for-tsas-transportation-security, email, and FAQ is attached to this declaration as Exhibit 7.

33. TSA has also refused to participate in the arbitration of pending grievances.

34. On March 11, 2025, TSA issued a memorandum wherein it updated TSA policies to delete, among other things, all references to the words or phrases: "Determination on Transportation Security Officers and Collective Bargaining", "AFGE", "Union", "exclusive representative", "bargaining unit employees (BUEs)", "collective bargaining agreement (CBA)",

DECLARATION OF AMELIA GLYMPH – 6
CASE NO: 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

"'formal discussions'", "Weingarten rights", and "official time for union representation". A true and accurate copy of the memorandum is attached to this declaration as Exhibit 8.

35. As a result of the Noem Determination, AFGE's ability to perform the core services of representing bargaining unit employees in grievances and arbitrations and our ability to enforce the terms of the CBA has been impaired and, in many instances, eliminated.

36. AFGE has approximately 200 grievances and 37 arbitrations pending nationwide on behalf of bargaining unit employees that AFGE is unable to resolve because of the Noem Determination and the rescission the 2024 CBA.

37. These grievances and arbitrations address a variety of issues, including but not limited to CBA violations and improper suspensions and terminations of TSOs.

38. These grievances and arbitrations are examples of the representation AFGE engages in on behalf of TSOs and would continue to engage in but for the Noem Determination and TSA's actions.

39. AFGE's ability to provide grievance, arbitration, and negotiation representation are important reasons why employees choose to join the Union.

40. DHS and TSA's decision to rescind the CBA, significantly harms AFGE's ability to represent its bargaining unit in grievances, arbitrations, negotiations, formal discussions, and investigative interviews, because they will not have the ability or resources to represent bargaining unit employees.

41. The immediate loss of membership dues from 24,178 members materially impairs AFGE's ability to conduct its representational work on behalf of TSOs by depriving AFGE of financial resources that it uses to fund its representational activities on behalf of TSOs, such as arbitration.

DECLARATION OF AMELIA GLYMPH – 7
CASE NO: 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

42. In my experience, bargaining unit employees will be reluctant to report violations of law or TSA policies if they believe that the 2024 CBA is rescinded and that AFGE will not be able to represent them.

43. In my experience, it also will have a substantial chilling effect on AFGE's ability to recruit bargaining unit employees to become union members if they believe that AFGE is no longer their exclusive representative and is not permitted to represent them in employment matters.

44. Because of DHS and TSA's actions, AFGE has had to divert substantial resources by, among other things, redeploying its organizing staff to focus on re-enrolling members who were dropped from AFGE's membership rolls without using payroll dues deductions because of TSA's unilateral discontinuation of payroll dues deductions.

45. AFGE relied on the 2024 CBA to ensure that AFGE representatives would be granted official time and office space to represent bargaining unit employees. It also relied on the CBA to create enforceable rights through a negotiated grievance and binding arbitration process. Additionally, AFGE relied on the expected dues income and payroll deduction under the 2024 CBA when setting its budget.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2025 in Washington, D.C.

_Amelia Glymph_

DECLARATION OF AMELIA GLYMPH – 8
CASE NO: 2:25-cv-451-MJP

BARNARD IGLITZIN & LAVITT LLP
18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132