THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,

*Plaintiffs*,

v.

KRISTI NOEM, et al.,

*Defendants*.

No. 2:25-cv-451-MJP

AMICUS BRIEF IN SUPPORT OF DEFENDANTS



ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

## Table Of Contents

**I. Introduction** .......... 1

**II. Argument** .......... 1

A. History And Statutory Authority Of The TSA And TSA Screeners. .......... 1

B. Congress Did Not Authorize Screeners' Collective Bargaining .......... 5



Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

## TABLE OF AUTHORITIES

### CASES

*AFGE v. Stone*, No. 3:03-CV-355, 2005 WL 1620402 (S.D. Ohio July 6, 2005) .......... 3

*Am. Fed'n of Gov't Emps., AFL-CIO v. Loy*, 281 F. Supp. 2d 59 (D.D.C. 2003), *aff'd*, 367 F.3d 932 (D.C. Cir. 2004) .......... 3

*Conyers v. Merit Sys. Prot. Bd.*, 388 F.3d 1380 (Fed. Cir. 2004) .......... 3

*DHS v. AFGE*, 59 FLRA 63 (2003) .......... 4

*DOD v. FLRA*, 685 F.2d 641 (D.C. Cir. 1982) .......... 6

*Hadfield v. United States*, No. 18-cv-03155-MEH, 2019 U.S. Dist. LEXIS 197169 (D. Colo. Nov. 12, 2019) .......... 4

*JB Pictures, Inc. v. DOD*, 86 F.3d 236 (D.C. Cir. 1996) .......... 7

*Kelly v. Kosuga*, 358 U.S. 516 (1959) .......... 7

*Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307 (9th Cir. 1992) .......... 6

*Tualatin Valley Builders Supply, Inc. v. United States*, 522 F.3d 937 (9th Cir. 2008) .......... 5

*Whitman v. Am. Trucking Assn's*, 531 U.S. 457 (2001) .......... 6

### STATUTES

22 U.S.C. § 4101 .......... 2

49 U.S.C. § 114 .......... 1, 2

49 U.S.C. § 40122 .......... 2

49 U.S.C. § 44935 note .......... 3, 5

5 U.S.C. § 7101 .......... 1

5 U.S.C. § 7102 .......... 1, 2

5 U.S.C. § 7103 .......... 2, 6

5 U.S.C. § 7116 .......... 7

5 U.S.C. § 7120 .......... 7

5 U.S.C. § 7123 .......... 7

6 U.S.C. § 203 .......... 1

P.L. 107-296, 116 Stat. 2178 (2002) .......... 1

P.L. 107-71, 115 Stat. 597 (2001) .......... 1

### OTHER AUTHORITIES

Exec. Order No. 14251, 90 Fed. Reg. 14553 (Apr. 3, 2025) .......... 2



ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

## I. Introduction.

Plaintiffs should not be granted a mandatory preliminary injunction forcing TSA to reinstate a rescinded collective bargaining agreement ("CBA") with AFGE related to a bargaining unit of TSA Screeners. In addition to the reasons raised by the Government (with which AFFT agrees), ECF No. 26, an injunction should not be issued because collective bargaining for TSA Screeners was never authorized by Congress and is therefore illegal. Plaintiffs thus seek a court order mandating the return of collective bargaining that never should have happened in the first place and that is detrimental to TSA Screeners.

## II. Argument.

### A. History And Statutory Authority Of The TSA And TSA Screeners.

Congress created TSA in response to the terrorist attacks of September 11, 2001, with the Aviation and Transportation Security Act of 2001 ("ATSA") and initially placed it within the United States Department of Transportation. P.L. 107-71, 115 Stat. 597 (2001). One purpose of the ATSA was to "improve aviation security." *Id.* As part of this effort, Congress made TSA responsible for "day-to-day Federal security screening operations for passenger air transportation and intrastate air transportation" and provided for the hiring and training of "security screening personnel." 49 U.S.C. § 114(e). Congress relocated TSA to the Department of Homeland Security ("DHS") as part of the Homeland Security Act of 2002. 6 U.S.C. § 203(2); P.L. 107-296, 116 Stat. 2178 (2002).

Title VII of the Civil Service Reform Act of 1978 ("CSRA"), which is called the Federal Service Labor-Management Relations Statute ("FSLMRS"), grants ***most*** federal employees the right to collectively bargain. *E.g.*, 5 U.S.C. § 7101(b) ("It is the purpose of this chapter to prescribe certain rights and obligations of the employees of the Federal Government . . . ."); 5 U.S.C. § 7102 ("Each employee shall have the right to form, join, or assist any labor organization . . . such right includes the right . . . (2) to engage in collective bargaining with respect to conditions of employment through representatives chosen by employees under this chapter."). But ***not*** every federal employee is entitled to collective bargaining rights. Absent express Congressional



Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

authorization, federal employees lack them. Two examples of such employees are any "supervisor" or "management official." 5 U.S.C. § 7103(a)(2)(iii); 5 U.S.C. § 7102. A variety of national security agencies are expressly exempted from these rights. 5 U.S.C. § 7103(a)(3)(B)–(D), (H) (FBI, CIA, NSA, USSS). And the President of the United States may by executive order exclude any agency or subdivision thereof if he determines that it has "as a primary function intelligence, counterintelligence, investigative, or national security work" and the collective bargaining provisions of the FSLRMS "cannot be applied to that agency or subdivision in a manner consistent with national security requirements and considerations." *Id.* at (b)(1). The President has recently exercised that power to exclude a long list of agencies and subdivisions thereof from collective bargaining under the FSLMRS. Exec. Order No. 14251, 90 Fed. Reg. 14553 (Apr. 3, 2025).

There are only two systems for collective bargaining authorized by Congress for Executive agencies: (1) the FSLMRS; and (2) the Foreign Service Act of 1980, which authorized a "distinct" collective bargaining framework for Foreign Service Officers (who previously were excluded from collective bargaining by the FSLMRS). 22 U.S.C. § 4101; 5 U.S.C. § 7103(a)(2)(iv).

Congress gave ***many*** TSA employees the right to engage in collective bargaining under the FSLMRS. 49 U.S.C. § 114(n) (the TSA Administrator shall use personnel management system of FAA Administrator subject to modifications he deems appropriate such as "adopting aspects of other personnel systems" of DHS); 49 U.S.C. § 40122(g)(2)(C) (the provisions of Title 5 U.S.C. "shall not apply to the new personnel management system" except, among a few other things, chapter 71, the FSLMRS); 5 U.S.C. § 7102 (employee labor rights).

But Congress did ***not*** give collective bargaining rights to TSA Screeners. ATSA instead gave the head of TSA the following authority: "Notwithstanding any other provision of law, the Under Secretary of Transportation for Security may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the Under Secretary determines to be necessary to carry out the screening functions of the Under Secretary under section 44901 of title 49, United States Code. The Under



ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

Secretary shall establish levels of compensation and other benefits for individuals so employed." ATSA § 111(d), 115 Stat. 620, *codified at* 49 U.S.C. § 44935 note. *See, e.g.*, *Conyers v. Merit Sys. Prot. Bd.*, 388 F.3d 1380, 1382 (Fed. Cir. 2004) ("We think that the 'notwithstanding any other provision of law' language renders inapplicable general federal statutes that otherwise would apply to the Under Secretary's power to 'employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service' for screener positions.").[1]

The TSA Administrator's statutory authorization to within her complete and sole discretion hire, fire, and fix the terms of employment for TSA Screeners is incompatible with the collective bargaining scheme authorized by Congress under the FSLMRS. "Congress was specifically concerned about ensuring that TSA have the right to hire and fire airport security screeners as needed according to the demands and pressures of their jobs." *Am. Fed'n of Gov't Emps., AFL-CIO v. Loy*, 281 F. Supp. 2d 59, 65 (D.D.C. 2003), *aff'd*, 367 F.3d 932 (D.C. Cir. 2004) (emphasis added). "A different choice might have been made but ***Congress*** could rationally conclude that airport security requires federal employees who operate with more flexibility than either civil service ***or collectively-bargained protections and procedures would allow***." *Id.* at 66 (emphases added).[2]

This fact has been recognized by multiple courts and by the Government itself. A federal district court concisely explained that 49 U.S.C. § 44935 note means TSA Screeners are "excluded from the category of TSA employees allowed union activity." *AFGE v. Stone*, No. 3:03-CV-355, 2005 WL 1620402, at *2 (S.D. Ohio July 6, 2005). Likewise, another federal district court characterized the Government's position: "As the Government notes, the … ATSA[] displaces the CSRA (and all other federal personnel statutes or regulations) as the sole remedy for

---

[1] "The language 'notwithstanding any other provision of law' signals that this screener-specific provision is to ***override*** more general conflicting statutory provisions to the extent that they would apply to screeners." *Conyers*, 388 F.3d at 1382 (Fed. Cir. 2004).

[2] "There is a rational basis for distinguishing, as Congress has done, between airport security screeners and other TSA employees. On this point, the statute represents a compromise of conflicting views with the single aim of providing heightened security through management flexibility." *Loy*, 281 F. Supp. 2d at 66.



ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

challenging personnel actions for TSA screeners. 49 U.S.C. § 44935 note."). *Hadfield v. United States*, No. 18-cv-03155-MEH, 2019 U.S. Dist. LEXIS 197169, at *4–5 (D. Colo. Nov. 12, 2019).

Accordingly, for the first approximately ten years of TSA's history, TSA Screeners were not permitted to collectively bargain. *E.g.*, *DHS v. AFGE*, 59 FLRA 63 (2003) (quoting then-Under Secretary of Transportation for Security James M. Loy: "I hereby determine that individuals carrying out the security screening function under section 44901 of Title 49, United States Code, in light of their critical national security responsibilities, shall not, as a term or condition of their employment, be entitled to engage in collective bargaining or be represented for the purpose of engaging in such bargaining by any representative or organization.").

That all changed in 2011. Then-recently appointed TSA Administrator John Pistole issued a unilateral "Determination" on February 4, 2011, saying that he would allow TSA Screeners to "vote on whether or not they want to engage in collective bargaining under unique framework that includes bargaining on limited, non-security issues relating to employment." John S. Pistole, *100 – Administrator's Determination Regarding Collective Bargaining* at 1 (Feb. 4, 2011), attached as Exhibit A. Pistole even purported to define the contours of the bargaining unit of TSA Screeners he sought to create: "TSOs, LTSOs, Master Transportation Securities Officers[,] and Expert Transportation Security Officers. The latter two groups include Behavior Detection Officers, Security Training Instructors, and Equipment Maintenance Technicians." *Id.* at 2–3. After a purported election and runoff, TSA entered into a collective bargaining agreement with AFGE.

In 2014, Administrator Pistole issued a new Determination that superseded his 2011 Determination. John S. Pistole, *Determination on Transportation Security Officers and Collective Bargaining* (Dec. 29, 2014), attached as Exhibit B. This time Pistole was even more candid about how the collective bargaining framework he made up had nothing to do with the FSLMRS: "ATSA § 111(d) supersedes the [FSLMRS] and therefore Chapter 71 does not apply, or afford any rights, to covered employees or the Union." *Id.* at 3. This new Determination purported to "set forth the rights of covered employees, the Union, and TSA management in this unique labor framework." *Id.* And it discussed how a "new collective bargaining agreement" would be "binding on TSA



ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

management, the Union, and all covered employees." *Id.* at 10. As set forth in AFFT's motion for leave, neither of these Determinations were based on any real legal analysis—they were pure expressions of then extant policy desire.

After a series of intervening events, in 2021 then-Secretary of Homeland Security Alejandro Mayorkas issued a memorandum to then- TSA Administrator Pekoske directing him to "expand the collective bargaining rights of TSO employees" to "permit collective bargaining at the national level ***to the same extent*** as permitted under Chapter 71 of Title 5, U.S. Code." Memorandum from Alejandro Mayokas to David Pekoske, *Supporting the TSA Workforce Through Improving the Transportation Security Officer Employment Experience* at 2 (June 3, 2021), attached as Exhibit C. Thus, all told, TSA has never believed that it could include TSA Screeners within the rights and duties of collective bargaining permitted by Congress in the FSLMRS. And it never has so included them. The collective bargaining scheme was just made up out of whole cloth.

In 2025, TSA changed course. Secretary Noem issued a thoughtful memorandum in which she determined that TSA Screeners "shall not, as a term or condition of their employment, be entitled to engage in collective bargaining or be represented for the purpose of engaging in such bargaining by any representative or organization." ECF No. 19-1 at 1. Secretary Noem determined that prior "misplaced directives" (including those discussed above) "solely benefited [AFGE] at TSAs' expense, impeded Congressional intent of a flexible workforce, and failed to serve TSA's critical mission to protect the transportation system and keep Americans safe." *Id.* at 2.

**B. Congress Did Not Authorize Screeners' Collective Bargaining.**

"Statutory interpretation begins with the text of the enactment. If Congress has directly spoken to the precise question at issue that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Tualatin Valley Builders Supply, Inc. v. United States*, 522 F.3d 937, 940 (9th Cir. 2008) (cleaned up). Congress has spoken to whether TSA Screeners should be permitted collective bargaining rights and answered that question in the negative. As explained above, the ATSA excludes TSA Screeners from the collective bargaining rights of the FSLMRS. 49 U.S.C. § 44935 note, which essentially requires



ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

that TSA Screeners be at-will employees, gives no license to TSA to permit collective bargaining for them. "Congress … does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions -- it does not, one might say, hide elephants in mouseholes." *Whitman v. Am. Trucking Assn's*, 531 U.S. 457, 468 (2001).

Excluding TSA Screeners from collective bargaining makes perfect sense. The FSLMRS "establishes a comprehensive scheme to deal with labor relations in federal employment." *DOD v. FLRA*, 685 F.2d 641, 644 (D.C. Cir. 1982). Exclusion from that "comprehensive scheme" means employees are excluded from collective bargaining; not than an agency can just make a different (ultra vires) scheme like the one DHS appropriately rescinded here—any more than an agency could make a scheme permitting supervisors or management officials to collectively bargain. Otherwise, for example, Congress would not have expressly allowed some TSA employees collective bargaining rights under the FSLMRS but not TSA Screeners. "No sensible person accustomed to the use of words in laws would speak so narrowly and precisely of particular statutory provisions, while meaning to imply a more general and broad coverage than the statutes designated. In this case, *expressio unius est exclusio alterius*." *Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1313 (9th Cir. 1992).

The FSLMRS scheme importantly sets rights and duties attendant on federal government collective bargaining that are completely at odds with TSA's scheme, which Plaintiffs seek the Court's injunction to reanimate. Just a few examples are instructive:

- If Congress had included TSA Screeners in the FSLMRS then the President of the United States would have authority to later unilaterally exclude them since TSA Screeners' "primary function" is "national security work" and the provisions of the FSLMRS "cannot be applied" to them in a "manner consistent with national security requirements and considerations." 5 U.S.C. § 7103(b). Plaintiffs' apparent position is that the President cannot do so here because the FSLMRS doesn't apply and TSA itself cannot make a decision contrary to what prior administrators decided—it's a one-way unionization ratchet for this national security agency, totally at odds with how it works



Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

in the rest of the Executive Branch. *Cf. JB Pictures, Inc. v. DOD*, 86 F.3d 236, 240 (D.C. Cir. 1996) ("Surely the government is not subject to a one-way ratchet, in which any new restriction on access is automatically invalid, or even especially suspect, while any relaxation of limits becomes a new constitutional minimum (or at least a trigger of special scrutiny).").

- The FSLMRS includes a requirement of duty of good faith and fair dealing and makes union violations thereof unfair labor practices that can be resolved by the independent board Federal Labor Relations Authority ("FLRA"). 5 U.S.C. § 7116(b)(5); 5 U.S.C. § 7105(a)(2)(E)–(G). And anyone "aggrieved" by a final order of the FLRA can appeal to the appropriate circuit court of appeals. 5 U.S.C. § 7123(a). Not so under TSA's former scheme. *E.g.*, ECF 19-1 at 169, 171.
- The FSLMRS says agencies "shall only accord recognition to a labor organization that is free from corrupt influences and influences opposed to basic democratic principles." 5 U.S.C. § 7120(a). No such protection appears present under TSA's former scheme.

This Court cannot and should not order TSA to return to a collective bargaining scheme that Congress never authorized and that accordingly does not have the many rights and protections Congress built in for collective bargaining in the Executive Branch via the FSLMRS. *See Kelly v. Kosuga*, 358 U.S. 516, 520 (1959) (courts may not "enforc[e] the precise conduct made unlawful" by Congress).

///

///

///

///

///

///

///

///



Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

April 29, 2025.

ARD LAW GROUP PLLC

By: ______________________

Joel B. Ard, WSBA # 40104
ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
206.701.9243
Joel@Ard.law

Liff, Walsh & Simmons

By: ***/s/ David R. Dorey***
David R. Dorey*
Liff, Walsh & Simmons
181 Harry S. Truman Parkway, Suite 200
Annapolis, MD 21401
410.266.9500
ddorey@liffwalsh.com
*Pro Hac Vice forthcoming

Attorneys for Proposed Amicus
Americans for Fair Treatment