Judge Pechman

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, etc., *et al.*,<br><br>Defendants. | CASE NO. C25-0451MJP<br><br>**UNOPPOSED MOTION FOR ORDER EXTENDING DEFENDANTS' TIME TO FILE RESPONSE TO COMPLAINT AND ADMINISTRATIVE RECORD; DECLARATION OF BRIAN C. KIPNIS IN SUPPORT THEREOF**<br><br>(Note on Motion Calendar for: August 26, 2025) |

Defendants Kristi Noem and Ha Nguyen McNeill, in their official capacities, and the U.S. Department of Homeland Security ("DHS") and the Transportation Security Administration ("TSA"), hereafter collectively referred to as "Defendants," hereby move, pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, for an order extending their time to file their answer and the administrative record in the above-captioned lawsuit to October 7, 2025.

///

///

///

UNOPPOSED MOTION FOR ORDER EXTENDING DEFENDANTS' TIME TO FILE RESPONSE TO COMPLAINT AND ADMINISTRATIVE RECORD; DECLARATION OF BRIAN C. KIPNIS IN SUPPORT THEREOF - 1
(Case No. C25-0451MJP)

This unopposed motion is made and based on the Declaration of Brian C. Kipnis, filed herewith.

DATED this 26th day of August 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
Email: brian.kipnis@usdoj.gov

Attorneys for Defendants

UNOPPOSED MOTION FOR ORDER EXTENDING DEFENDANTS' TIME TO FILE RESPONSE TO COMPLAINT AND ADMINISTRATIVE RECORD; DECLARATION OF BRIAN C. KIPNIS IN SUPPORT THEREOF - 2
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

# STATEMENT OF FACTS

On June 22, 2025, the parties filed a stipulation with the Court whereby the Court was requested to enter an order extending Defendants' time to file their answer and their administrative record to October 7, 2025. Dkt. #48. The parties gave as their reasons an upcoming overseas vacation planned by Defendants' attorney of record and Plaintiffs' lack of objection to the requested extension. *Id.*

Subsequently, the Court issued an order denying the requested extension without prejudice based on the absence of any factual showing that Defendants were unable to file their answer and administrative record by August 27, 2025, the 14-day deadline prescribed by Rule 12(a)(4), Fed. R. Civ. P. Dkt. #49. The order indicates that "[t]he Court's denial is without prejudice to explain why there is good cause and/or why some other time period applies to Defendants' Answer and the filing of an administrative record." *Id.*

Defendants do not contend that any other time period applies. The deadline that the parties sought to extend by their stipulation is the 14-day deadline prescribed by Rule 12(a)(4), Fed. R. Civ. P.

For the reasons set forth in the attached declaration, Defendants are unable to file their administrative record within the 14-day period between prescribed by Rule 12(a)(4), Fed. R. Civ. P.

Preparation of the administrative record is mostly an agency function with outside counsel available to provide advice as needed. There are several steps that are involved in the compilation of an administrative record in this case, all of which will require a certain amount of time to complete. Declaration of Kipnis, ¶ 4. The first is the identification of the universe of records that the administrative record will consist of and the collection of those records. *Id.* This step requires a preliminary decision on the scope of the agency records that will need to be encompassed by the administrative record, as determined by an analysis of the issues raised in the complaint. *Id.* The next more time-consuming step is the collection of those agency records. Collection of agency records requires persons in the two agencies primarily involved in this case to initiate searches

UNOPPOSED MOTION FOR ORDER EXTENDING DEFENDANTS' TIME TO FILE RESPONSE TO COMPLAINT AND ADMINISTRATIVE RECORD; DECLARATION OF BRIAN C. KIPNIS IN SUPPORT THEREOF - 3
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206) 553-7970

within the agencies for responsive records. *Id.* Much of this work requires agency personnel to send out inquiries to potential custodians of agency records and to request their assistance in identifying pertinent records in their possession. *Id.* This step often takes a significant amount of time, particularly if a large number of potential custodians are involved and/or the amount of agency records implicated is great in number. *Id.* Complications frequently arise because, as often happens, the initial request to potential custodians is not fully successful and follow-up is required. *Id.* For example, one reason this might occur is because one of the potential custodians may not be available at the time the request is made. *Id.* In addition, to the extent that it is believed that the collection may not be complete or the agency record assembled indicates additional potential custodians or additional records, those persons will need to be contacted in a successive search and responsive agency records will need to be collected from them. *Id.* Another time-consuming step in the process is that page-by-page and line-by-line review of the collected records by agency personnel is required to determine whether the collected records are responsive and belong in the administrative record and to determine whether certain documents will be withheld from the administrative record or redacted on grounds of privilege. *Id.* The time necessary for this task also varies with the volume of records collected. *Id.* Finally, the agency will need to assemble the final record for certification and filing in electronic form for the Court. *Id.* If hard copy records are involved, there may be additional time required because of the need to do manual scanning of the hard copies. *Id.*

With respect to the answer, the ability to file an answer is dependent on the completion of the administrative record. The practice of Defendants' counsel is generally to answer a complaint in a case involving the filing of an administrative record only after he has had the opportunity to review and familiarize himself with the administrative record that will be filed with the Court. *Id.* at ¶ 5. That is the basis for the request to extend Defendants' time to answer until October 7, 2025, just after Defendants' counsel returns from vacation. *Id.* The time is necessary to afford counsel a few days following his return from vacation, to adequately familiarize himself with the administrative record and to prepare and draft Defendants' answer.

UNOPPOSED MOTION FOR ORDER EXTENDING DEFENDANTS' TIME TO FILE RESPONSE TO COMPLAINT AND ADMINISTRATIVE RECORD; DECLARATION OF BRIAN C. KIPNIS IN SUPPORT THEREOF - 4
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206) 553-7970

# ARGUMENT

## I. FOR GOOD CAUSE THE COURT MAY EXTEND THE TIME TO ACT

Federal Rule of Civil Procedure 6(b) provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . .

In this Circuit, requests for extensions of time that are determined under the good cause standard should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

Defendants are not acting in bad faith. This request is made necessary because of practical realities associated with preparing an administrative record and filing an answer complicated by the vacation plans of Defendants' counsel for record. Although acting in good faith, Defendants will be unable to file Defendants' administrative record and their answer within the time permitted by the Federal Rules of Civil Procedure.

As confirmed by Plaintiffs' previous stipulation and their non-opposition to this motion, Plaintiffs will not be prejudiced as the result of the granting of this request for an extension of time. Indeed, Plaintiffs obtained a preliminary injunction that indefinitely preserves the status quo. Moreover, the Court has not yet set any deadlines in this lawsuit.

Thus, the requested extension of time is proper under Federal Rule of Civil Procedure 6(b)(1)(A), and Defendants respectfully requests that their motion be granted.

///

///

///

///

UNOPPOSED MOTION FOR ORDER EXTENDING DEFENDANTS' TIME TO FILE RESPONSE TO COMPLAINT AND ADMINISTRATIVE RECORD; DECLARATION OF BRIAN C. KIPNIS IN SUPPORT THEREOF - 5
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

# CONCLUSION

For the foregoing reasons, Defendants Kristi Noem, Ha Nguyen McNeill, DHS, and TSA, respectfully request that their motion be granted and that Defendants' time to file their administrative record and their answer in this case be extended to October 7, 2025.

# CERTIFICATION

I certify that this memorandum contains 1,161 words, in compliance with Local Civil Rule LCR 7(e)(2).

DATED this 26th day of August 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

Attorneys for Defendants

UNOPPOSED MOTION FOR ORDER EXTENDING DEFENDANTS' TIME TO FILE RESPONSE TO COMPLAINT AND ADMINISTRATIVE RECORD; DECLARATION OF BRIAN C. KIPNIS IN SUPPORT THEREOF - 6
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## DECLARATION OF BRIAN C. KIPNIS

1. I am a duly appointed Assistant United States Attorney for the Western District of Washington and I have served in that capacity for in excess of thirty years. I am the attorney who is primarily responsible for representing the interests of the United States in this action.

2. On August 13, 2025, this Court denied Defendants' motion to dismiss in this action, triggering a 14-day deadline to file an answer to the complaint pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure and also triggering a deadline to file an administrative record pursuant to LCR 79(h) of the local rules.

3. Upon receiving the Court's order, I immediately contacted Defendants to inform them of the approaching deadlines.

4. In discussing these deadlines with my agency contact I was informed that the agency would be unable to provide an administrative record by August 27. I was asked to seek an extension until September 26, 2025. My understanding from discussing this with my agency contact is that the additional time requested is necessary because of the several steps that will be involved in the assembly of an administrative record in this case, all of which will require a certain amount of time to complete. The first is the identification of the universe of records that the administrative record will consist of and the collection of those records. This step requires a preliminary decision on the scope of the agency records that will need to be encompassed by the administrative record, as determined by an analysis of the issues raised in the complaint. The next more time-consuming step is the collection of those agency records. Collection of agency records requires persons in the two agencies primarily involved in this case to initiate searches of agency records for responsive records. Much of this work requires agency personnel to send out inquiries to potential custodians of agency records and to request their assistance in identifying pertinent records in their possession. This step often takes a significant amount of time, particularly if many potential custodians are involved and/or the amount of agency records implicated is great in number. Complications frequently arise because, as often happens, the initial request to potential custodians is not fully successful and

UNOPPOSED MOTION FOR ORDER EXTENDING DEFENDANTS' TIME TO FILE RESPONSE TO COMPLAINT AND ADMINISTRATIVE RECORD; DECLARATION OF BRIAN C. KIPNIS IN SUPPORT THEREOF - 7
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

follow-up is required. For example, one reason this might occur is because one of the potential custodians may not be available at the time the request is made. In addition, to the extent that it is believed that the collection may not be complete or the agency record assembled indicates additional potential custodians or additional records, those persons will need to be contacted and responsive agency records will need to be collected from them. Another time-consuming step in the process is the page-by-page and line-by-line review of the collected records by agency personnel that is necessary for records that are either not responsive or that will be withheld or redacted from the administrative record on grounds of privilege. The time necessary for this task also varies with the volume of records collected. Finally, the agency will need to assemble the final record for certification and filing in electronic form for the Court. If hard copy records are involved, there may be additional time required because of the need to manually digitize the hard copies.

5. Production of the record on September 26, 2025, poses a problem for the undersigned because, as noted previously, I will be on vacation in Northern Europe and unavailable to review the administrative record when it becomes available. As I am not permitted to bring my government-issued devices out of the country with me, I will be practically unable to perform my normal function of assisting the agencies with any litigation-related questions that may arise during the preparation of the record.

6. An additional complication arises from the fact that my practice is generally to answer a complaint in a case involving the filing of an administrative record only after I have had an opportunity to review the administrative record. From a professional responsibility perspective, I would not be comfortable answering a complaint until I have had an opportunity to familiarize myself with the contents of the administrative record. For that reason, I requested that the Court afford Defendants until October 7, 2025, to file their answer. This will afford me a few days following my return from vacation, to adequately familiarize myself with the administrative record and to prepare and draft Defendants' answer.

///

UNOPPOSED MOTION FOR ORDER EXTENDING DEFENDANTS' TIME TO FILE RESPONSE TO COMPLAINT AND ADMINISTRATIVE RECORD; DECLARATION OF BRIAN C. KIPNIS IN SUPPORT THEREOF - 8
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

7.   For these reasons, I request again that the Court afford Defendants until October 7, 2025, to file their answer and administrative record in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of August 2025 at Seattle, Washington.

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS

UNOPPOSED MOTION FOR ORDER EXTENDING DEFENDANTS' TIME TO FILE RESPONSE TO COMPLAINT AND ADMINISTRATIVE RECORD; DECLARATION OF BRIAN C. KIPNIS IN SUPPORT THEREOF - 9
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970