Judge Pechman

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   AMERICAN FEDERATION OF                    CASE NO.  C25-0451MJP
     GOVERNMENT EMPLOYEES, AFL-CIO;
11   AMERICAN FEDERATION OF                    **ANSWER TO COMPLAINT FOR**
     GOVERNMENT EMPLOYEES, AFL-CIO             **DECLARATORY AND INJUNCTIVE**
12   TSA LOCAL 1121; COMMUNICATIONS            **RELIEF**
     WORKERS OF AMERICA, AFL-CIO; and
13   ASSOCIATION OF FLIGH ATTENDANTS-
     CWA, AFL-CIO;
14
                         Plaintiffs,
15
            v.
16
     KRISTI NOEM, in her official capacity as
17   Secretary of Homeland Security; U.S.
     DEPARTMENT OF HOMELAND
18   SECURITY; HA NGUYEN McNEILL, in her
     official capacity as Acting Administrator of the
19   Transportation Security Administration; and
     TRANSPORTATION SECURITY
20   ADMINISTRATION,

21                       Defendants.

22

23        Defendants Kristi Noem, in her official capacity as Secretary of Homeland Security, Ha

24   McNeill, in her official capacity as Acting Administrator of the Transportation Security

25   Administration, the Transportation Security Administration ("TSA"), and the United States

26   Department of Homeland Security (hereafter, collectively, "Defendants"), by their attorneys, Charles

27   Neil Floyd, United States Attorney, and Brian C. Kipnis, Assistant United States Attorney, for the

28

ANSWER TO COMPLAINT - 1
(Case No. C25-0451MJP)

Western District of Washington, answer the Plaintiffs' Complaint for Declaratory and Injunctive Relief,  Dkt. # 1, filed on March 13, 2025 (hereinafter referred to simply as the "Complaint") as follows:

Defendants, admit, deny, and affirmatively allege as follows:

1.     Answering the allegations contained in paragraph 1 of the Complaint, Defendants admit that this action seeks declaratory and injunctive relief with respect to a determination issued by Defendant Noem on February 27, 2025 (hereinafter, the "Noem Determination") that had the effect of terminating a collective bargaining agreement between Plaintiff American Federation of Government Employees ("AFGE") and TSA (hereinafter, the "CBA").  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 1 of the Complaint.

2.     Answering the allegations contained in paragraph 2 of the Complaint, Defendants admit that the CBA terminated as a result of the Noem Determination applied to federal employees serving as non-supervisory Transportation Security Officers ("TSOs").  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 2 of the Complaint.

3.     Answering the allegations contained in paragraph 3 of the Complaint, paragraph 3 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.     Answering the allegations contained in paragraph 4 of the Complaint, Defendants admit that TSOs' membership in AFGE has been and continues to be voluntary.  Except as expressly admitted, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint, and on that basis all such allegations are denied.

5.     Answering the allegations contained in paragraph 5 of the Complaint, Defendants admit that for more than a decade AFGE and TSA periodically engaged in collective bargaining regarding the terms and conditions of TSO employment, and such bargaining resulted in multiple collective bargaining agreements.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 5 of the Complaint.

ANSWER TO COMPLAINT - 2
(Case No. C25-0451MJP)

6.      Answering the allegations contained in paragraph 6 of the Complaint, Defendants admit that Article 37 of the 2024 CBA states a duration of seven years from the agreement's effective date and states that each party may, upon providing written notice, reopen up to three articles of the agreement for negotiation "during the middle of this Agreement (*i.e.,* the 41st, 42nd, or 43rd month after the effective date)."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 6 of the Complaint.

7.      Answering the allegations contained in paragraph 7 of the Complaint, Defendants admit that AFGE and its affiliates have been plaintiffs in multiple civil actions filed against federal government defendants since the start of the current presidential administration.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 7 of the Complaint.

8.       Answering the allegations contained in paragraph 8 of the Complaint, Defendants admit that the Noem Determination was issued on February 27, 2025, and not made public until a later date.  Defendants also admit that the Noem Determination stated that the 2024 CBA "is no longer applicable or binding and is hereby rescinded."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 8 of the Complaint.

9.      Answering the allegations contained in paragraph 9 of the Complaint, Defendants admit that the Noem Determination stated that the 2024 CBA "is no longer applicable or binding and is hereby rescinded"; "AFGE is no longer the exclusive representative of any personnel carrying out screening functions under 49 U.S.C. § 44901"; "[a]ll rights consistent with this exclusive representation are revoked"; and "[p]ersonnel carrying out screening functions under 49 U.S.C. § 44901 shall not have the right to elect an exclusive representative for the purposes of collective bargaining or for any other purposes."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 9 of the Complaint.

10.      Answering the allegations contained in paragraph 10 of the Complaint, Defendants admit that TSA informed AFGE and the public of the Noem Determination on March 7, 2025. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 10 of the Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

11.    Answering the allegations contained in paragraph 11 of the Complaint, paragraph 11 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 11 of the Complaint.

**Jurisdiction and Venue**

12.    Answering the allegations contained in paragraph 12 of the Complaint, paragraph 12 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit the allegations of paragraph 12 to the extent they are consistent with 28 U.S.C. § 1331 and deny the same to the extent they are inconsistent with 28 U.S.C. § 1331.

13.    Answering the allegations contained in paragraph 13 of the Complaint, Defendants admit that Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201.  Defendants deny that Plaintiffs are entitled to a declaratory judgment or to any other request relief or any relief whatsoever.

14.    Answering the allegations contained in paragraph 14 of the Complaint, paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that they are two United States officials sued in their official capacities, one cabinet-level Department of the United States Government, and one component agency of that Department.  Except as specifically admitted, Defendants otherwise admit the allegations of paragraph 12 to the extent they are consistent with 28 U.S.C. § 1391(b)(2) and (e)(1) and deny the same to the extent they are inconsistent with 28 U.S.C. § 1391(b)(2) and (e)(1).

**Parties**

15.    Answering the allegations contained in paragraph 15, Defendants admit the allegations in the first sentence of paragraph 15.  Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 15, and on that basis all such allegations are denied.

16.    Answering the allegations contained in paragraph 16 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and on that basis all such allegations are denied.

ANSWER TO COMPLAINT - 4
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

17.     Answering the allegations contained in paragraph 17 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and on that basis all such allegations are denied.

18.     Answering the allegations contained in paragraph 18 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and on that basis all such allegations are denied.

19.     Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.     Defendants admit the allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit the allegations contained in paragraph 21 of the Complaint.

22.     Answering the allegations contained in paragraph 22 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis all such allegations are denied.

23.     Defendants admit the allegations contained in paragraph 23 of the Complaint.

24.     Answering the allegations contained in paragraph 24 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and on that basis all such allegations are denied.

25.     Answering the allegations contained in paragraph 25 of the Complaint, Defendants admit the allegations contained in the second sentence of paragraph 25.  Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 25, and on that basis all such allegations are denied.

26.     Defendants admit the allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit the allegations contained in paragraph 27 of the Complaint.

28.     Defendants admit the allegations contained in paragraph 28 of the Complaint.

29.     Answering the allegations contained in paragraph 29 of the Complaint, Defendants admit that at the time the Complaint was filed on March 13, 2025, Adam Stahl was named as a defendant to this action in his official capacity at the time, the Senior Official Performing the Duties

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

of the TSA Administrator.  Defendants affirmatively allege that Mr. Stahl is no longer serving in that capacity and the current head of TSA is Acting Administrator Ha McNeill, who has been substituted in place of Mr. Stahl as a defendant in this action in accordance with Federal Rule of Civil Procedure 25(d).

30.    Defendants admit the allegations contained in paragraph 30 of the Complaint.

### Factual Background

31.    Defendants admit the allegations contained in paragraph 31 of the Complaint.

32.    Defendants admit the allegations contained in paragraph 32 of the Complaint.

33.    Defendants admit the allegations contained in paragraph 33 of the Complaint.

34.    Defendants admit the allegations contained in paragraph 34 of the Complaint.

35.    Defendants admit the allegations contained in paragraph 35 of the Complaint.

36.    Answering the allegations contained in paragraph 36 of the Complaint, Defendants admit the allegations in the first sentence of paragraph 36 and admit that TSA employees other than those carrying out screening functions under 49 U.S.C. § 44901 are subject to the personnel management system described in 49 U.S.C. § 114(n).  Except as expressly admitted, Defendants deny each and every allegation in paragraph 36 of the Complaint.

37.    Defendants admit the allegations contained in paragraph 37 of the Complaint.

38.    Answering the allegations contained in paragraph 38 of the Complaint, Defendants admit that past TSA Administrators have exercised the discretion granted by Section 111(d) of the Aviation and Transportation Security Act of 2001 ("ATSA"), Pub. L. No. 107-71, 115 Stat. 597, 620 (classified as a note to 49 U.S.C. § 44935), to permit non-supervisory TSOs to bargain collectively and have exclusive representation by a labor union.  Defendants affirmatively allege that a past TSA Administrator has also exercised the discretion granted by Section 111(d) to prohibit non-supervisory TSOs from bargaining collectively.  Except as expressly admitted and affirmatively alleged, Defendants deny each and every allegation in paragraph 38 of the Complaint.

39.    Defendants admit the allegations contained in paragraph 39 of the Complaint.

40.    Defendants admit the allegations contained in paragraph 40 of the Complaint.

ANSWER TO COMPLAINT - 6
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

41.     Defendants admit the allegations contained in paragraph 41 of the Complaint.

42.     Answering the allegations contained in paragraph 42 of the Complaint, Defendants admit that AFGE and TSA signed the first collective bargaining agreement between them in November 2012 and the agreement covered employee awards, the bidding process for leave and shifts, and uniform policies.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 42 of the Complaint.

43.     Defendants admit the allegations contained in paragraph 43 of the Complaint.

44.     Defendants admit the allegations contained in paragraph 44 of the Complaint.

45.     Answering the allegations contained in paragraph 45 of the Complaint, Defendants admit that the 2022 Determination stated that "collective bargaining is . . . permitted at the national level to the same extent as permitted under Chapter 71 of Title 5 of the United States Code and as set forth in this Determination."  Defendants also admit that the 2022 Determination covered a grievance and arbitration system.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 45 of the Complaint.

46.     Answering the allegations contained in paragraph 46 of the Complaint, Defendants admit that the 2022 Determination stated that "collective bargaining is . . . permitted at the local level no lower than a Federal Security Director's area of responsibility on the following issues: a. access to TSA-controlled space for union representational activities; b. lighting; c. parking facilities and shuttle service; d. break space for bargaining unit employees' use; and e. lockers."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 46 of the Complaint.

47.     Answering the allegations contained in paragraph 47 of the Complaint, Defendants admit that the 2022 Determination stated that "TSA management shall have all applicable rights and responsibilities as set forth in this Determination."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 47 of the Complaint.

48.     Defendants admit the allegations contained in paragraph 48 of the Complaint.

49.     Answering the allegations contained in paragraph 49 of the Complaint, Defendants admit that the 2022 Determination stated as follows:

> Section 8. As jurisdiction on Federal courts cannot be conferred administratively, any provision of Chapter 71 or its implementing regulations regarding the Federal judiciary are not adopted by this Determination.

> Section 9. As jurisdiction on FLRA cannot be conferred administratively, any provision of Chapter 71 or its implementing regulations regarding FLRA are not adopted by this Determination. The updated grievance and arbitration policy referenced below will apply pending the effective date of a negotiated Memorandum of Agreement between TSA and the exclusive representative regarding the grievance and arbitration processes for bargaining unit employees.

Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 49 of the Complaint.

50.     Answering the allegations contained in paragraph 50 of the Complaint, Defendants admit that AFGE and TSA began negotiating a CBA under the 2022 Determination in June 2023 and signed a CBA in May 2024.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 50 of the Complaint.

51.     Answering the allegations contained in paragraph 51 of the Complaint, Defendants admit that Article 13 A.3. of the 2024 CBA states as follows: "The Parties agree that the Articles contained in this Agreement constitute the entire Agreement.  The Agreement may only be changed upon mutual written consent of the Parties."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 51 of the Complaint.

52.     Answering the allegations contained in paragraph 52 of the Complaint, Defendants admit that the cited source contains the stated quotation.  Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the precise accuracy of the stated quotation, and on that basis Defendants deny each and every allegation contained in paragraph 52 of the Complaint except as expressly admitted.

ANSWER TO COMPLAINT - 8
(Case No. C25-0451MJP)

53.    Answering the allegations contained in paragraph 53 of the Complaint, Defendants admit that the cited source contains the stated quotation.  Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the precise accuracy of the stated quotation, and on that basis Defendants deny each and every allegation contained in paragraph 53 of the Complaint except as expressly admitted.

54.    Defendants admit the allegations contained in paragraph 54 of the Complaint.

55.    Answering the allegations contained in paragraph 55 of the Complaint, Defendants admit that Article 27 C.3. of the 2024 CBA states as follows: "Disciplinary and/or Adverse Actions may be taken for just cause and only for reasons that will promote the efficiency of the service. Disciplinary and/or Adverse Actions should be administered fairly."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 55 of the Complaint.

56.    Answering the allegations contained in paragraph 56 of the Complaint, Defendants admit that Articles 28 and 29 of the 2024 CBA cover a grievance and arbitration process.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 56 of the Complaint.

57.    Answering the allegations contained in paragraph 57 of the Complaint, Defendants admit that Article 7 of the 2024 CBA covers "the process for Union dues withheld through payroll deduction."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 57 of the Complaint.

58.    Defendants admit the allegations contained in paragraph 58 of the Complaint.

59.    Answering the allegations contained in paragraph 59 of the Complaint, Defendants admit that Article 5 B. of the 2024 CBA states as follows:

Formal Discussions: The Parties understand that the Union has the right to be given the opportunity to be represented at any formal discussion between one or more representatives of the Agency and one or more employees in the unit or their representatives concerning any grievance or any personnel policy or practices or other general condition of employment. In addition to this Article, TSA MD

ANSWER TO COMPLAINT - 9
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1100.77-5, *Formal Discussions*, contains the policy and procedures concerning this Union right. In the event of a conflict, the provisions of this collective bargaining agreement shall govern.

Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 59 of the Complaint.

60.    Answering the allegations contained in paragraph 60 of the Complaint, Defendants admit that Article 24 B. of the 2024 CBA states as follows: "Awards and recognition categories and criteria are detailed in TSA Management Directive (MD) 1100.45-1, *Awards and Recognition*, and any subsequent revisions. Management retains the right to add, rescind, or amend awards, award categories, and award criteria during the period of this Agreement. . . ."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 60 of the Complaint.

61.    Answering the allegations contained in paragraph 61 of the Complaint, Defendants admit that Article 37 B.1. of the 2024 CBA states as follows: "This Agreement will remain in full force and effect until seven (7) years from its effective date and will be automatically renewable for additional one (1) year periods unless either party notifies the other party, in writing, at least sixty (60) days but not more than one hundred twenty (120) days prior to the expiration date, of its intention to reopen, amend, or modify this Agreement."  Defendants also admit that Article 37 C. of the 2024 CBA states as follows:

1. Each party may reopen up to three (3) Articles of this Agreement.

2. To reopen an Article(s) under Section C.1, the party must notify the other party, in writing, during the middle of this Agreement (i.e., the 41st, 42nd, or 43rd month after the effective date).

3. The party's notice of intent to reopen this Agreement will identify all the Article(s) it wishes to reopen for negotiations.

4. The Parties will begin ground rules negotiations within ninety (90) days of the party's notice of intent to reopen the Agreement.

Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 61 of the Complaint.

62.    Answering the allegations contained in paragraph 62 of the Complaint, Defendants admit that former TSA Administrator Pekoske was appointed to that position in 2017 by President Trump and resigned from that position during his second five-year term on January 20, 2025. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 62 of the Complaint.

63.    Answering the allegations contained in paragraph 63 of the Complaint, Defendants admit that President Trump issued the cited Executive Orders.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 63 of the Complaint.

64.    Answering the allegations contained in paragraph 64 of the Complaint, Defendants admit that President Trump issued the cited Executive Order.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 64 of the Complaint.

65.    Answering the allegations contained in paragraph 65 of the Complaint, Defendants admit that AFGE has been a plaintiff in the cited lawsuits.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 65 of the Complaint.

66.    Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.    Defendants admit the allegations contained in paragraph 67 of the Complaint.

68.    Defendants admit the allegations contained in paragraph 68 of the Complaint.

69.    Answering the allegations contained in paragraph 69 of the Complaint, Defendants admit that the Noem Determination states that prior determinations by former TSA Administrators were "misplaced directives" that "have solely benefited [AFGE] at TSOs' expense."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 69 of the Complaint.

70.    Defendants admit the allegations contained in paragraph 70 of the Complaint.

71.    Defendants admit the allegations contained in paragraph 71 of the Complaint.

72.    Defendants deny the allegations contained in paragraph 72 of the Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

73.     Defendants admit the allegations contained in paragraph 73 of the Complaint.

74.     Defendants admit the allegations contained in paragraph 74 of the Complaint.

75.     Answering the allegations contained in paragraph 75 of the Complaint, Defendants admit that the Noem Determination states that "[w]ithin 90 days, TSA in collaboration with the Acting General Counsel shall consider what actions may be taken, consistent with law, to ensure that no future Administration may permit TSOs to elect an exclusive representative or engage in collective bargaining absent an intervening statutory change and propose an implementation plan to the Office of the Secretary."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 75 of the Complaint.

76.     Answering the allegations contained in paragraph 76 of the Complaint, Defendants admit that AFGE was not given advance notice of issuance of the Noem Determination.  Defendants affirmatively allege that "the bargaining procedures set forth in the 2024 CBA" had no applicability to or bearing on issuance of the Noem Determination, and on that basis Defendants deny the allegation in paragraph 76 that such procedures were not followed.  Except as expressly admitted or denied, Defendants otherwise deny each and every allegation contained in paragraph 76 of the Complaint.

77.     Answering the allegations contained in paragraph 77 of the Complaint, Defendants admit that on March 11, 2025, President Trump issued a memorandum titled "Ensuring the Enforcement of Federal Rule of Civil Procedure 65(c)" that contains the stated quotation and also states "it is the policy of the United States to demand that parties seeking injunctions against the Federal Government must cover the costs and damages incurred if the Government is ultimately found to have been wrongfully enjoined or restrained."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 77 of the Complaint.

78.     Answering the allegations contained in paragraph 78 of the Complaint, Defendants admit that the Noem Determination was announced to AFGE and the public on March 7, 2025.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 78 of the Complaint.

79.     Answering the allegations contained in paragraph 79 of the Complaint, Defendants admit that a press release issued on March 7, 2025, titled "DHS Ends Collective Bargaining for TSA's Transportation Security Officers, Enhancing Safety, Efficiency, and Organizational Agility" states that "TSOs are losing their hard-earned dollars to a union that did not represent or protect their interests." *See* https://www.tsa.gov/news/press/releases/2025/03/07/dhs-ends-collective-bargaining-for-tsas-transportation-security. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 79 of the Complaint.

80.     Answering the allegations contained in paragraph 80 of the Complaint, Defendants admit that a press release issued on March 7, 2025, titled "DHS Ends Collective Bargaining for TSA's Transportation Security Officers, Enhancing Safety, Efficiency, and Organizational Agility" included the following statement from a DHS Spokesperson:

> Thanks to Secretary Noem's action, Transportation Security Officers will no longer lose their hard-earned dollars to a union that does not represent them. The Trump Administration is committed to returning to merit-based hiring and firing policies. This action will ensure Americans will have a more effective and modernized workforces across the nation's transportation networks. TSA is renewing its commitment to providing a quick and secure travel process for Americans.

*See* https://www.tsa.gov/news/press/releases/2025/03/07/dhs-ends-collective-bargaining-for-tsas-transportation-security. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Answering the allegations contained in paragraph 82 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82, and on that basis the allegations are denied.

83.     Answering the allegations contained in paragraph 83 of the Complaint, Defendants admit that AFGE members work at TSA and other federal agencies. Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the remaining

ANSWER TO COMPLAINT - 13
(Case No. C25-0451MJP)

allegations contained in paragraph 83, and on that basis such allegations are denied.  Except as expressly admitted or denied, Defendants otherwise deny each and every allegation contained in paragraph 83 of the Complaint.

84.     Defendants admit the allegations contained in paragraph 84.

85.     Answering the allegations contained in paragraph 85 of the Complaint, Defendants admit that membership in AFGE is voluntary.  Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 85, and on that basis the allegations are denied.  Except as expressly admitted or denied, Defendants otherwise deny each and every allegation contained in paragraph 85 of the Complaint.

86.     Answering the allegations contained in paragraph 86 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86, and on that basis the allegations are denied.

87.     Defendants admit the allegations contained in paragraph 87.

88.     Answering the allegations contained in paragraph 88 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88, and on that basis the allegations are denied.

89.      Answering the allegations contained in paragraph 89 of the Complaint, Defendants admit that the Noem Determination eliminated the ability of AFGE and affiliated locals to collectively bargain with TSA and participate in grievance procedures pursuant to a CBA with TSA. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 90.

91.     Defendants deny the allegations contained in paragraph 91.

92.     Defendants deny the allegations contained in paragraph 92.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

93. Answering the allegations contained in paragraph 93 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93, and on that basis the allegations are denied.

94. Answering the allegations contained in paragraph 94 of the Complaint, Defendants admit that Article 7 of the 2024 CBA covers "the process for Union dues withheld through payroll deduction" and TSA ceased withholding dues through payroll deduction as directed by the Noem Determination. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Answering the allegations contained in paragraph 96 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96, and on that basis the allegations are denied.

97. Answering the allegations contained in paragraph 97 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and on that basis the allegations are denied.

98. Answering the allegations contained in paragraph 98 of the Complaint, Defendants affirmatively allege that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, and on that basis the allegations are denied.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Answering the allegations contained in paragraph 101 of the Complaint, Defendants admit that the Noem Determination states as follows: "Consistent with a flexible, at-will workforce, Congress explicitly excluded TSOs from the parts of the Civil Service Reform Act that authorize and regulate collective bargaining or any other labor-management relations matters." Defendants also admit that the Noem Determination eliminated the ability of bargaining unit employees to challenge removal from employment under CBA procedures. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 101 of the Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1

**<u>Count I</u>**

2

102.    Answering paragraph 102 of the Complaint, Defendants refer to and incorporate their

3

answers to paragraphs 1 through 101 of the Complaint as if fully restated here as answer to

4

paragraph 102 of the Complaint.

5

103.    Answering the allegations contained in paragraph 103 of the Complaint, paragraph

6

103 states a legal conclusion to which no response is required.  To the extent a response is required,

7

Defendants admit the allegations of paragraph 103 to the extent they are consistent with 5 U.S.C.

8

§ 704 and deny the same to the extent they are inconsistent with 5 U.S.C. § 704.  Except as expressly

9

admitted or denied, Defendants otherwise deny each and every allegation contained in paragraph 103

10

of the Complaint.

11

104.    Answering the allegations contained in paragraph 104 of the Complaint, paragraph

12

104 states a legal conclusion to which no response is required.  To the extent a response is required,

13

Defendants admit the allegations of paragraph 104 to the extent they are consistent with 5 U.S.C.

14

§ 706 and deny the same to the extent they are inconsistent with 5 U.S.C. § 706.  Except as expressly

15

admitted or denied, Defendants otherwise deny each and every allegation contained in paragraph 104

16

of the Complaint.

17

105.    Answering the allegations contained in paragraph 105 of the Complaint, paragraph

18

105 states a legal conclusion to which no response is required.  To the extent a response is required,

19

Defendants admit that the stated quotation is in the cited authority.  Except as expressly admitted,

20

Defendants deny each and every allegation contained in paragraph 105 of the Complaint.

21

106.    Answering the allegations contained in paragraph 106 of the Complaint,

22

paragraph 105 states a legal conclusion to which no response is required.  To the extent a response is

23

required, Defendants admit that the stated quotation is in the cited authority.  Except as expressly

24

admitted, Defendants deny each and every allegation contained in paragraph 106 of the Complaint.

25

107.    Defendants deny the allegations contained in paragraph 107 of the Complaint.

26

108.    Defendants deny the allegations contained in paragraph 108 of the Complaint.

27

28

ANSWER TO COMPLAINT - 16
(Case No. C25-0451MJP)

109.    Answering the allegations contained in paragraph 109 of the Complaint, Defendants admit that the Noem Determination does not mention "reliance interests that AFGE and its members have in the 2024 CBA and pending grievances."  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    Answering the allegations contained in paragraph 111 of the Complaint, paragraph 111 states a legal conclusion to which no response is required.  To the extent a response is required Defendants deny the allegations contained in paragraph 111 of the Complaint.

### Count II

112.    Answering paragraph 112 of the Complaint, Defendants refer to and incorporate their answers to paragraphs 1 through 111 of the Complaint as if fully restated here as answer to paragraph 112 of the Complaint.

113.    Answering the allegations contained in paragraph 113 of the Complaint, paragraph 113 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit the allegations of paragraph 103 to the extent they are consistent with 5 U.S.C. § 706 and deny the same to the extent they are inconsistent with 5 U.S.C. § 706.  Except as expressly admitted or denied, Defendants otherwise deny each and every allegation contained in paragraph 113 of the Complaint.

114.    Answering the allegations contained in paragraph 114 of the Complaint, paragraph 114 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that the stated quotation is in the cited authority.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 114 of the Complaint.

115.    Answering the allegations contained in paragraph 115 of the Complaint, paragraph 115 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.     Answering the allegations contained in paragraph 116 of the Complaint, paragraph 116 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.     Answering the allegations contained in paragraph 117 of the Complaint, paragraph 117 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 117 of the Complaint.

## Count III

118.     Answering paragraph 118 of the Complaint, Defendants refer to and incorporate their answers to paragraphs 1 through 117 of the Complaint as if fully restated here as answer to paragraph 118 of the Complaint.

119.     Answering paragraph 119 of the Complaint, Defendants admit that AFGE has exercised First Amendment rights by filing lawsuits against federal government defendants.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 119 of the Complaint.

120.     Answering the allegations contained in paragraph 120 of the Complaint, paragraph 120 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.     Answering the allegations contained in paragraph 121 of the Complaint, Defendants admit that the subject line of the Noem Determination memorandum states "Supporting the TSA Workforce by Removing a Union that Harms Transportation Security Officers."  Defendants also admit that a press release issued on March 7, 2025, titled "DHS Ends Collective Bargaining for TSA's Transportation Security Officers, Enhancing Safety, Efficiency, and Organizational Agility" states that "TSOs are losing their hard-earned dollars to a union that did not represent or protect their interests."  *See* https://www.tsa.gov/news/press/releases/2025/03/07/dhs-ends-collective-bargaining-for-tsas-transportation-security. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 121 of the Complaint.

122.     Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.    Answering the allegations contained in paragraph 123 of the Complaint, Defendants admit that a press release issued on March 7, 2025, titled "DHS Ends Collective Bargaining for TSA's Transportation Security Officers, Enhancing Safety, Efficiency, and Organizational Agility" states that "TSA has _more_ people doing full-time union work than we have performing screening functions at 86% of our airports."  *See* https://www.tsa.gov/news/press/releases/2025/03/07/dhs-ends-collective-bargaining-for-tsas-transportation-security.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.    Answering the allegations contained in paragraph 125 of the Complaint, paragraph 125 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    Answering the allegations contained in paragraph 126 of the Complaint, paragraph 126 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 126 of the Complaint.

**Count IV**

127.    Answering paragraph 127 of the Complaint, Defendants refer to and incorporate their answers to paragraphs 1 through 126 of the Complaint as if fully restated here as answer to paragraph 127 of the Complaint.

128.    Defendants admit the allegations contained in paragraph 128 of the Complaint.

129.    Answering the allegations contained in paragraph 129 of the Complaint, paragraph 129 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that the stated quotation is in the cited authority.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 129 of the Complaint.

130.    Answering the allegations contained in paragraph 130 of the Complaint, paragraph 130 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 130 of the Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

131.    Answering the allegations contained in paragraph 131 of the Complaint, paragraph 120 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 131 of the Complaint.

The remaining unnumbered paragraphs of the Complaint constitute Plaintiffs' prayer for relief to which no response is required.  To the extent a response is necessary, Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

### FIRST DEFENSE

The Court lacks subject-matter jurisdiction over Plaintiffs' claims.

### SECOND DEFENSE

The Complaint fails to state a Due Process claim upon which relief can be granted because it does not allege deprivation of a constitutionally protected property interest.

### THIRD DEFENSE

The Complaint fails to state a First Amendment retaliation claim upon which relief can be granted because it does not plausibly allege a causal connection between protected First Amendment activity and issuance of the Noem Determination.

### FOURTH DEFENSE

The Noem Determination is not arbitrary or capricious under the Administrative Procedure Act, as it is the product of reasoned decision-making and a lawful exercise of statutory authority.

### FIFTH DEFENSE

The Noem Determination is not contrary to law or in excess of authority under the Administrative Procedure Act, as it is the product of reasoned decision-making and a lawful exercise of statutory authority.

### SIXTH DEFENSE

The Noem Determination was not issued in retaliation for Plaintiffs engaging in protected First Amendment activity, and there is no causal connection between any such activity and issuance of the Determination.

ANSWER TO COMPLAINT - 20
(Case No. C25-0451MJP)

1

## SEVENTH DEFENSE

2      To the extent Plaintiffs were deprived of a constitutionally protected property interest, they

3  were not constitutionally entitled to any additional or different process before or after the Noem

4  Determination was issued.

5

## EIGHTH DEFENSE

6      Defendants reserve the right to present such additional or different defenses that may be

7  applicable as this action proceeds.

8      WHEREFORE Defendants Kristi Noem, Secretary of Homeland Security, Ha McNeill,

9  Acting Administrator of the Transportation Security Administration, the United States Department

10 of Homeland Security, and the Transportation Security Administration pray for judgment as follows:

11      1.    For an order dismissing Plaintiffs' Complaint in its entirety with prejudice;

12      2.    For an award of Defendants' costs and disbursements incurred in this action;

13      3.    For such other and further relief as the Court may deem just and proper.

14          DATED this 7th day of October 2025.

15          CHARLES NEIL FLOYD
            United States Attorney
16

17

18          /s/ Brian C. Kipnis
            BRIAN C. KIPNIS
19          Assistant United States Attorneys
            Office of the United States Attorney
20          5220 United States Courthouse
            700 Stewart Street
21          Seattle, Washington 98101-1271
            Phone: (206) 553-7970
22          e-mail: brian.kipnis@usdoj.gov

23          *Attorneys for Defendants*

24

25

26

27

28

ANSWER TO COMPLAINT - 21
(Case No. C25-0451MJP)