Judge Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.* <br><br> Defendants. | CASE NO. 2:25-cv-451-MJP <br><br> **JOINT STATUS REPORT** |

Plaintiffs American Federation of Government Employees, AFL-CIO, et al. ("Plaintiffs") and Defendants Kristi Noem, et al. ("Defendants") (together with Plaintiffs, "the Parties") have met and conferred on August 25, 2025 as required by Federal Rule of Civil Procedure 26(f) and this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 45). Pursuant to Rule 26(f), Local Civil Rule 26(f), and this Court's Order, the Parties hereby submit the following Joint Status Report and Discovery Plan:

JOINT STATUS REPORT – 1
CASE NO. 2:25-cv-451-MJP

1. **A statement of the nature and complexity of the case:**

    Plaintiffs are challenging Defendants' unilateral recission of the collective bargaining agreement between AFGE and the Transportation Security Administration that sets terms and conditions of employment for Transportation Security Officers, along with the termination of associated grievances. Plaintiffs contend that this recission violates the Administrative Procedure Act, First Amendment, and Fifth Amendment. Defendants contend that this court lacks jurisdiction to hear these claims, that this agency action cannot be challenged under the APA, and that their actions did not violate the U.S. Constitution.

    This Court granted a preliminary injunction enjoining Defendants from implementing the recission of the CBA and associated grievances on June 2, 2025. Defendants moved to dismiss the case pursuant to Fed. R. Civ. P. 12, and this Court denied the motion to dismiss on August 13, 2025.

2. **A proposed deadline for joining additional parties:**

    The parties propose a deadline of October 21, 2025 for joining additional parties.

3. **Consent to assignment to a Magistrate Judge:**

    No.

4. **Discovery plan:**

    (A) <u>Initial disclosures:</u>

    The Parties exchanged initial disclosures on October 7, 2025.

    (B) <u>Subjects, timing, and potential phasing of discovery:</u>

    Plaintiffs propose that Phase I of discovery will involve production of the administrative record. On August 27, 2025, this Court granted Defendants' unopposed motion to produce the administrative record by October 7, 2025.

JOINT STATUS REPORT – 2
CASE NO. 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Defendants produced the administrative record on October 7, 2025. Once review of the record is complete, Plaintiffs may seek to compel supplementation of the record.

Plaintiffs propose that Phase II of discovery will consist of any remaining discovery relevant to the merits of Plaintiffs' constitutional claims.

Defendants do not contemplate taking discovery in this action. Defendants believe this case is an action for review on an administrative record exempt from discovery. Defendants anticipate that they will oppose any motion to supplement the administrative record with extra-record documents, and will oppose any other discovery efforts.

(C) electronically stored information;

No issues have arisen at this stage.

(D) privilege issues;

No issues have arisen to date. If any issues arise, the Parties will meet and confer regarding a stipulated protective order. To the extent documents are withheld from the administrative record or if discovery is directed beyond the administrative record, Defendants will provide Plaintiffs with a privilege log.

(E) Proposed limitations on discovery:

The Parties do not request changes to limitations on discovery under the Federal or Local Rules. The Parties reserve their right to request changes after the Administrative Record is produced.

(F) the need for any discovery related orders.

The Parties do not seek any discovery orders at this stage.

JOINT STATUS REPORT – 3
CASE NO. 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400  BARNARD
SEATTLE, WASHINGTON 98119  IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132  LAVITT LLP

5. **The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:**

(A) Prompt case resolution:

The Parties do not anticipate that this case will be promptly settled or otherwise resolved.

(B) Alternative dispute resolution:

The Parties agree that this case is not suitable for alternative dispute resolution.

(C) Related cases:

The Parties are unaware of related cases challenging the agency action at issue in this case.

(D) Discovery management;

Parties are amenable to scheduling case management or discovery conferences and presenting discovery disputes to the court by informal means, when appropriate. The Parties do not consent to presenting discovery issues to a magistrate judge.

(E) Anticipated discovery sought;

Plaintiffs may seek discovery on their constitutional claims, including discovery relevant to whether retaliation was a substantial motivating factor in Defendants' decision to rescind the CBA and relevant to any affirmative defense by Defendants regarding these claims. This discovery may include depositions and written discovery. Defendants do not anticipate seeking discovery.

(F) Phasing motions;

JOINT STATUS REPORT – 4
CASE NO. 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

After discovery is complete, the Parties anticipate filing cross-motions for summary judgment.

(G) preservation of discoverable information;

The Parties have discussed the appropriate preservation of discoverable information and no issues have arisen.

(H) privilege issues;

No issues have arisen to date. If any issues arise, the Parties will meet and confer regarding a stipulated protective order.

(I) & (J) Model Protocol for Discovery of ESI and alternatives to Model Protocol;

The Parties will discuss the suitability of an ESI protocol when the scope of discovery and potential ESI issues are clearer.

6. **The date by which discovery can be completed.**

Plaintiffs propose a discovery deadline of March 9, 2026.

7. **Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The parties agree that the case need not be bifurcated.

8. **Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The Parties do not believe the standard Rule 16 pretrial statements and pretrial order shall be dispensed with.

JOINT STATUS REPORT – 5
CASE NO. 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

9. **Any other suggestions for shortening or simplifying the case.**

The Parties anticipate filing cross-motions for summary judgment. The Parties propose that any dispositive motions be filed on or before May 8, 2026 (with a notice date no later than June 5, 2026).

10. **The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.**

The Parties anticipate that the case will be ready for trial by September 7, 2026.

11. **Whether the trial will be jury or non-jury.**

If trial is necessary, a non-jury trial is appropriate.

12. **The number of trial days required.**

To the extent that issues remain after resolution of the motions for summary judgment, the Parties currently estimate that 3 days will be sufficient.

13. **The names, addresses, and telephone numbers of all trial counsel.**

Plaintiffs currently anticipate that Abigail Carter, Alex Rowell, Robert Lavitt, Taryn Wilgus Null, Pooja Chaudhuri, and Norman Eisen will serve as trial counsel for Plaintiffs. Their addresses and telephone numbers are contained in the signature block of this Report. Defendants anticipate that Brian C. Kipnis, Assistant United States Attorney, will serve as trial counsel for Defendants. His address and telephone number is likewise set forth below.

14. **The dates on which trial counsel may have complications to be considered in setting a trial date.**

Plaintiffs' lead counsel's availability is limited from June 15, 2026 to June 30, 2026 and from August 1, 2026 to August 28, 2026. Defendants' counsel will be unavailable the

JOINT STATUS REPORT – 6
CASE NO. 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

entire month of June 26, 2026 to July 31, 2026.

**15. If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All Defendants have been served.

**16. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

The Parties do not wish to hold a scheduling conference for this matter.

**17. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

Each Plaintiff filed its disclosure statement on March 14, 2025.

Defendants are governmental parties.

Dated: October 14, 2025

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

Attorneys for Defendants

*/s/ Robert H. Lavitt*
Robert H. Lavitt, WSBA No. 27758
Barnard Iglitzin & Lavitt LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6004
lavitt@workerlaw.com

*/s/ Abigail V. Carter*
Abigail V. Carter*
*/s/ J. Alexander Rowell*
J. Alexander Rowell*
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W. Suite 1000
Washington, D.C. 20005
(202) 842-2600
(202) 842-1888 (fax)
acarter@bredhoff.com

JOINT STATUS REPORT – 7
CASE NO. 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

arowell@bredhoff.com

*/s/ Norman L. Eisen*
Norman L. Eisen*
*/s/ Pooja Chaudhuri*
Pooja Chaudhuri*
*/s/ Taryn Wilgus Null*
Taryn Wilgus Null*
Democracy Defenders Fund
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
(202) 594-9958
norman@democracydefenders.org
pooja@ democracydefenders.org
taryn@democracydefenders.org

*Admitted pro hac vice*

*Counsel for Plaintiffs*

*/s/ Rushab B. Sanghvi*
Rushab B. Sanghvi*
*/s/ Andres M. Grajales*
Andres M. Grajales*
American Federation Of
Government Employees, AFL-CIO
80 F Street, NW
Washington, DC 20001
(202) 639-6426
SanghR@afge.org
Grajaa@afge.org

*Admitted pro hac vice*

*Counsel for Plaintiff American Federation of Government Employees (AFGE)*

JOINT STATUS REPORT – 8
CASE NO. 2:25-cv-451-MJP

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP