Judge Whitehead

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO TSA LOCAL 1121; COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO; and ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; HA NGUYEN McNEILL, in her official capacity as Senior Official Performing the Duties of the Administrator of the Transportation Security Administration[1]; and TRANSPORTATION SECURITY ADMINISTRATION,<br><br>Defendants. | CASE NO. 2:25-cv-00451-JNW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>(ORAL ARGUMENT REQUESTED)<br><br>(Note on motion calendar for: January 9, 2025) |

---

[1] Plaintiffs' Complaint named Adam Stahl, the head of the Transportation Security Administration, at the time the Complaint was filed, as an official-capacity Defendant. As noted in Defendants' Answer filed on October 7, 2025, Dkt. # 53, ¶ 29, the case caption has been updated to reflect substitution pursuant to Federal Rule of Civil Procedure 25(d) of the current head of the agency, Ha McNeill, in place of Mr. Stahl. Defendant McNeill's title was identified in the Answer as Acting Administrator of the Transportation Security Administration. As of the date of this motion, she remains the head of the agency, but her current title is Senior Official Performing the Duties of the Administrator. Defendants have updated the case caption accordingly.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 1
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206) 553-7970

Defendants Kristi Noem and Ha Nguyen McNeill, in their official capacities, and the Department of Homeland Security ("DHS") and Transportation Security Administration ("TSA"), through their attorneys, Charles Neil Floyd, United States Attorney for the Western District of Washington, and Brian C. Kipnis, Assistant United States Attorney, hereby respectfully move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), for an order dismissing the operative Complaint, Dkt. # 1, as moot, and dissolving the preliminary injunction entered on June 2, 2025, Dkt. # 39.

## INTRODUCTION

Plaintiffs' Complaint challenges a determination issued by Secretary Noem on February 27, 2025 (the "February Determination"). The February Determination, via authorities under Section 111(d) of the Aviation and Transportation Security Act ("ATSA"), Pub. Law. No. 107-71, 115 Stat. 597 (classified as a note to 49 U.S.C. § 44935), granting the TSA Administrator discretion to set the terms and conditions of employment for airport screeners, stated that for operational and national security reasons, collective bargaining and exclusive representation were prohibited. On June 2, 2025, this Court issued a preliminary injunction premised on the February Determination, enjoining Defendants from implementing it. The February Determination has now been rescinded and replaced by a new determination signed by Secretary Noem on September 29, 2025 (the "September Determination"), and issued to Plaintiffs and the public today, December 12, 2025. The September Determination is based on an entirely different supporting record and data unavailable to Secretary Noem at the time of the February Determination. Defendants intend to implement the September Determination 30 days after the date of this motion. Defendants contend that implementation of the September Determination would not violate the June 2, 2025 preliminary injunction, which was founded on a different and materially distinguishable action.

Because the February Determination challenged by Plaintiffs' Complaint is no longer in effect or operative, their claims concerning that determination and request for relief from

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 2
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

implementation of that determination are now moot. Accordingly, Plaintiffs' Complaint should be dismissed for lack of subject-matter jurisdiction. Separately, even if the Complaint is not dismissed, this Court should dissolve the preliminary injunction, as the September Determination is a significant change in circumstances underlying the preliminary injunction, and Plaintiffs would not presently be able to demonstrate likely success on the merits of the claims stated in the Complaint.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), a party may seek dismissal of a case for lack of subject-matter jurisdiction. "A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action," *Kontrick v. Ryan*, 540 U.S. 443, 444 (2004), and a motion under Rule 12(b)(1) is the correct vehicle to present such challenges even after an answer has been filed, *see Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) (applying Fed. R. Civ. P. 12(h)(3)). "Issues of mootness, such as those raised here, are properly advanced through Rule 12(b)(1) motions." *Friends of Bitterroot v. Anderson*, No. 20-cv-104, 2020 WL 6888564, at *2 (D. Mont. Nov. 24, 2020) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "Federal courts lack jurisdiction to consider moot claims," *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1172 (9th Cir. 2009), and "'[i]f there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction,'" *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (quoting *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999)).

A motion to dismiss under Rule 12(b)(1) may present either a facial or factual attack. *See Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A party's contention that "factual developments occurring after the filing of the complaint have extinguished" subject-matter jurisdiction is a factual attack. *Friends of Bitterroot*, 2020 WL 6888564, at *3. "With a factual Rule 12(b)(1) attack, . . . a court may look beyond the complaint to matters of public record[.]" *White*, 227 F.3d at 1242.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

A party seeking to dissolve an injunction must show that "a significant change in facts or law" warrants dissolution. *Karnoski v. Trump,* 926 F.3d 1180, 1198 (9th Cir. 2019) (citation omitted); *see also Horne v. Flores,* 557 U.S. 433, 447 (2009) (a court may vacate an order if "a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest" (internal quotations omitted)). Whether a significant change warrants dissolution of an order granting a preliminary injunction "should be guided by the same criteria" that governed the order's issuance – *i.e.* the likelihood of success on the merits, the likelihood of irreparable harm, the balance of the equities, and the public interest. *Karnoski*, 926 F.3d at 1198.

## BACKGROUND

On February 27, 2025, Secretary Noem signed the February Determination prohibiting exclusive representation and collective bargaining for TSA's screener population, and accordingly rescinding the 2024 collective bargaining agreement ("CBA"). The February Determination was issued in line with Section 111(d) of ATSA (classified as note to 49 U.S.C. § 44935), which grants TSA's Administrator broad authorities in setting the terms and conditions of employment for screeners, and which has supported prior determinations limiting or prohibiting collective bargaining. Plaintiffs filed the Complaint in this action to challenge the February Determination, and on June 2, 2025, this Court issued a preliminary injunction, enjoining Defendants from implementing the February Determination.

On September 29, 2025, Secretary Noem signed a new determination, rescinding and replacing the February Determination in its entirety. Exhibit 1 (September Determination) at 1. The September Determination, again in line with ATSA authorities, prohibits TSA's screening population from engaging in collective bargaining and retaining exclusive representation, and rescinds the 2024 collective bargaining agreement. However, the September Determination is based on new data and decision-making that was not before the Secretary at the time of the February Determination. The September Determination articulates a deeper analysis of the

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 4
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

impact of collective bargaining on TSA's labor relations framework and experience with affording screening officers increasing collective bargaining and exclusive representation rights over the last 14 years. It is based in part on a new survey of management officials "about how union representation and the current collective bargaining agreement have affected workforce readiness, resource allocation, and mission focus." *Id.* at 1. It is also based on new data on costs and burdens of collective bargaining, including data showing how unscheduled absences negatively impacting workforce readiness have increased under the current collective bargaining agreement. The new determination is also founded on the observations of the current head of TSA, Senior Official Performing the Duties of the Administrator Ha McNeill, who was not in her position as the leader of the agency when the February Determination was issued. Finally, the new determination is grounded in part on TSA's experience operating under the 2024 collective bargaining agreement *after* the preliminary injunction was entered in this case.

As articulated above, Defendants have not yet implemented the September Determination, but intend to do so 30 days from the date of this motion.

**ARGUMENT**

I.     PLAINTIFFS' COMPLAINT IS MOOT

The rescission and replacement of Secretary Noem's February Determination definitively moots Plaintiffs' Complaint, depriving this Court of subject-matter jurisdiction as to the claims therein, as each claim and request for relief pleaded in the Complaint specifically challenges and arises solely from the February Determination. By the express terms of Secretary Noem's September Determination signed on September 29, 2025, and issued to Plaintiffs and the public today, December 12, 2025, the challenged February Determination "no longer has any legal effect," *WildEarth Guardians v. Haaland*, Nos. 22-15029, 22-15091, 2023 WL 8613628, at *1 (9th Cir. Dec. 13, 2023). *See* Ex. 1 at 9 ("All prior determinations are rescinded."). "It is well established that the supersession of an agency order moots any challenges to the original order." *WildEarth Guardians*, 2023 WL 8613628, at *1 (citing *Grand Canyon Tr. v. U.S. Bureau of*

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 5
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

*Reclamation*, 691 F.3d 1008, 1017 (9th Cir. 2012)); *accord Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 113 (D.C. Cir. 2016) (stating that it is "a perfectly uncontroversial and well-settled principle of law" that "when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot."); *Freeport-McMoRan Oil & Gas Co. v. FERC*, 962 F.2d 45, 46 (D.C. Cir. 1992) (holding that a case challenging agency orders that were superseded by a subsequent agency order was "plainly moot"). As result, the claims in Plaintiffs' Complaint should be dismissed.[2]

## II. THE PRELIMINARY INJUNCTION SHOULD BE DISSOLVED

This Court's June 2, 2025 preliminary injunction, Dkt. # 39, was based on review of the now-superseded February Determination. As that determination is no longer in force and has no legal effect, the preliminary injunction should be dissolved. A district court may dissolve a preliminary injunction "based on a change in factual or legal circumstances." *Latimore v. Cnty. of Contra Costa*, 77 F.3d 489, 1996 WL 68196, at *2 (9th Cir. 1996) (unpublished) (citing *Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647 (1961)).

Here, Secretary Noem's issuance of the September Determination to supersede and replace the February Determination challenged in Plaintiffs' Complaint is a significant changed circumstance that warrants dissolving the preliminary injunction. Not only did Secretary Noem rescind the February Determination, she also has issued a new determination with a different, more robust supporting record that renders this Court's analysis of the February Determination inapplicable. Additionally, the preliminary injunction should be dissolved in light of the Ninth Circuit's recent stay opinion in *AFGE v. Trump,* 148 F.4th 648 (9th Cir. 2025), which analyzed a

---

[2] To the extent Plaintiffs wish to continue this action, they should be required to file an amended complaint regarding the September Determination. *See Akiachak*, 827 F.3d at 113 (explaining that when an agency supersedes a challenged decision with a new decision that remains contrary to a party's legal position, "that party may cure its mootness problem by simply starting over again by challenging the [decision] currently in force." (internal quotation omitted)). Proceeding with this action only on the basis of an amended complaint is "fundamental to judicial economy," as it will appropriately focus the attention of the parties and this Court on review of the new determination that is in force rather than the superseded determination that no longer has any legal effect. *Id.* at 114. Moreover, Secretary Noem's September Determination reflects an exercise of administrative agencies' "special competence" in applying expertise and developing a factual record that will better enable review. *Id.*

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 6
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206) 553-7970

similar First Amendment claim asserted by the same lead Plaintiff and found failure to demonstrate likelihood of success on that claim. Under the Ninth Circuit's reasoning, Plaintiffs here are also unable to demonstrate likely success on the merits of their claim. Finally, the Court's conclusion in the preliminary injunction order that Defendants lack authority to unilaterally rescind the collective bargaining agreement is flawed, as it lacks any supporting authority.

### A. Secretary Noem's September Determination is Significantly Different from the February Determination and Renders the Court's Reasoning Under the Administrative Procedure Act in the Preliminary Injunction Order Inapplicable

As articulated above, Secretary Noem's September Determination is significantly different from the February Determination and is founded on data and considerations unavailable to the Secretary at the time of the February Determination. In the preliminary injunction order, this Court found that Plaintiffs were likely to succeed on the merits of their claim that the February Determination is arbitrary and capricious under the Administrative Procedure Act ("APA"), Dkt. # 1, ¶¶ 102–11, because, among other reasons, it did not explain "why collective bargaining has threatened the safety of the transportation system or travelers," or "why the prior Determinations' conclusions about the merits of the CBA are no longer valid or that circumstances have changed." Dkt. # 39 at 31–32.

The September Determination addresses these prior concerns with the February Determination and includes a robust analysis of the impact of collective bargaining on TSA's ability to execute its national security mission. Based on the aforementioned record and reasoning associated with Secretary Noem's new determination, this Court's prior preliminary conclusions regarding the February Determination are not applicable now. To determine likelihood of success on the merits of any renewed claim challenging the new determination, this Court would need to evaluate the rationale presented in the new document and its supporting administrative record, much of which addresses the prior concerns noted in the injunction order.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 7
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Accordingly, the preliminary injunction should not continue on the basis of this Court's past findings about the February Determination, as the new determination is based on a new and independent analysis informed by an expanded factual record unavailable at the time of the February Determination.

In short, Secretary Noem's September Determination is a separate and distinct agency decision that stands apart from the prior February Determination. The June preliminary injunction's reasoning does not account for the additional considerations underlying Secretary Noem's new determination, and continuing to prospectively maintain a preliminary injunction based on the prior determination "is no longer equitable." Fed. R. Civ. P. 60(b)(5).[3]

> B. The Ninth Circuit's Recent Stay Decision in *AFGE v. Trump* Contradicts the Court's Reasoning as to the First Amendment Claim in the Preliminary Injunction

With regard to Plaintiffs' First Amendment retaliation claim, Dkt. # 1, ¶¶ 118–26, soon after this Court entered the preliminary injunction in this case, the Ninth Circuit issued a stay decision on August 1, 2025, that provides helpful instruction on the standards for demonstrating likelihood of success on such a claim. In *AFGE v. Trump*, 148 F.4th 648, the Ninth Circuit stayed a district court's preliminary injunction granted on a First Amendment retaliation claim based on allegations very similar to those Plaintiffs present here. Specifically, the Court of Appeals relied on the burden-shifting framework set forth in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977), establishing that once a plaintiff demonstrates that their protected activity is a "substantial" or "motivating" factor underlying a challenged decision, the government may show "that it would have reached the same decision . . . even in the absence of the protected conduct." *Id.* at 287. In *AFGE v. Trump,* the district court did not address whether the government would have taken the same action even in the absence of the plaintiffs' First Amendment protected conduct, and the Ninth Circuit stayed the preliminary injunction, finding

---

[3] In citing Rule 60(b)(5), Defendants recognize that "a preliminary injunction is not a 'final judgment, order, or proceedings' that may be addressed by motion under Rule 60(b)." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000). However, the equitable considerations animating the Rule apply equally to motions to dissolve a preliminary injunction.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 8
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

that the government would have taken the same action regardless of any protected activity. 148 F.4th at 654. As in *AFGE v. Trump*, the *Mt. Healthy* framework also applies here: the preliminary injunction order in this case also does not address the second element of the framework, and the established record demonstrates that Secretary Noem would have issued the February Determination regardless of Plaintiffs' First Amendment activity. *See* Dkt. # 39 at 33–35. Issuance of the Secretary's September Determination gives this Court an opportunity to correct the error underpinning the preliminary injunction order.

The Ninth Circuit's decision in *AFGE v. Trump* also reveals another flaw in the analysis in this case: overweighting the evidentiary importance of a few specific statements as retaliatory without considering the overall context and affording proper deference to Executive Branch decision-making regarding matters impacting national security. As an initial matter, the Court of Appeals expressed doubt about whether it was appropriate for the judiciary to engage in detailed review of an exercise of statutory discretion pertaining to national security: "We question whether we can take up such arguments, which invite us to assess whether the President's stated reasons for exercising national security authority—clearly conferred to him by statute—were pretextual." 148 F.4th at 655. Setting that issue aside, the Court of Appeals then "accept[ed] for purposes of argument that certain statements in the Fact Sheet [issued to accompany an Executive Order] reflect a degree of retaliatory animus toward Plaintiffs' First Amendment activities," but still deferred to the non-retaliatory rationale stated on the face of Executive Order 14251. *Id.* The Ninth Circuit further concluded that despite containing some language that could potentially demonstrate retaliatory animus, the Fact Sheet conveyed "an overarching objective of protecting national security through its assessment that collective bargaining impedes the functioning of agencies with national security-related responsibilities." *Id.*

Here, this Court's preliminary injunction order relied on the very same Fact Sheet at issue in *AFGE v. Trump* as evidence of retaliatory animus in this case, Dkt. # 39 at 35, without considering particular Fact Sheet language in light of the overall context, and without balancing

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 9
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

any purportedly retaliatory statements with deference to the non-retaliatory rationale stated in the February Determination (let alone the new determination). The September Determination is unequivocally based on collective bargaining's impact on TSA's national security mission, and the fact that Congress specifically excluded TSA employees from the provisions of the Civil Service Reform Act *because* of that national security mission. Ex. 1 at 2-3. The Ninth Circuit's instructive analysis in *AFGE v. Trump* of many of the same facts and arguments that were presented in this case supports dissolving the preliminary injunction to permit re-analysis based on the new determination.

In addition, the passage of time and the factual record and deliberative process leading to Secretary Noem's September Determination also undermine any inference of retaliatory causation that would support maintaining the preliminary injunction. This Court's June injunction order invoked the close temporal proximity between AFGE's litigation activity and issuance of the February Determination as indicative of a causal connection, Dkt. # 39 at 34. By contrast, given the significant passage of time between the litigation activity pleaded in the Complaint and issuance of Secretary Noem's new determination, and the extensive administrative effort that went into the new determination, there should be no inference of retaliatory causation now. *See, e.g.*, *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019) (noting a plaintiff may state a First Amendment claim if "non-retaliatory grounds are in fact insufficient to provoke adverse consequences" (internal quotations omitted)); *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003) (noting whether the passage of three months or eight months supports an inference of retaliation "[d]epend[s] on the circumstances").

In any event, the new determination rests on a fulsome, data-driven rationale that is plainly not retaliatory on its face. *See, e.g., Mariano v. State of Cal.*, 53 F. App'x 440, 441 (9th Cir. 2002) (noting that "mere temporal proximity of First Amendment activity without additional evidence is not sufficient" to establish retaliation). And even if this Court disagrees that there is no reasonable inference of retaliation, the September Determination's record makes abundantly

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 10
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206) 553-7970

clear that Secretary Noem would have adopted the policy regardless of any protected activity, making it unlikely that Plaintiffs would prevail on their First Amendment claim. This Court's analysis of the circumstances and allegations pertaining to the February Determination do not justify continuing the preliminary injunction after that determination has been rescinded and replaced based on new data and decision-making.

### C. The Court's Finding that Defendants Lack Authority to Unilaterally Rescind the Collective Bargaining Agreement is Flawed

Finally, the preliminary injunction's finding that Defendants do not have authority to unilaterally rescind the 2024 collective bargaining agreement lacks legal support. Dkt. # 1, ¶¶ 112–17. Plaintiffs make this claim under the APA and the Due Process Clause. The preliminary injunction order concluded that Plaintiffs were likely to succeed on the merits because the 2024 collective bargaining agreement has "the force and effect of law" and is a "self-imposed limitation[]" on Defendants' statutory discretion to determine whether collective bargaining is appropriate for TSA's workforce, and the February Determination "runs contrary to the express terms of the CBA." Dkt. # 39 at 33.

But there remains a dearth of authority for the proposition that a collective bargaining agreement may limit an agency's statutory discretion to make future determinations on the issue of whether collective bargaining is appropriate for a workforce with a national security mission. *See* Dkt. # 43 at 3 (noting that "Plaintiffs have not cited a single judicial decision in which a court found that a collective bargaining agreement" limited an agency's future ability to exercise authority "pursuant to a statute that undisputedly affords unfettered discretion" to decide the issue of whether collective bargaining is appropriate). Moreover, the *AFGE v. Trump* ruling suggests that collective bargaining agreements may indeed be terminated as an exercise of statutory authority granting discretion to the Executive Branch. *Cf.* 148 F.4th at 651 (granting emergency stay of order enjoining Executive Order issued under discretionary statutory authority

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 11
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206) 553-7970

to "exclude[] certain federal agencies and subdivisions from collective bargaining requirements").

Further undermining the basis for the preliminary injunction, Plaintiffs' contention that the 2024 collective bargaining agreement limits Defendants' statutory discretion is inconsistent with the relevant language in the agreement, as is the preliminary injunction's conclusion that the February Determination is contrary to the "express" terms of the CBA. Plaintiffs assert, and this Court seems to have concurred, that the CBA term regarding its duration requires "mutual consent" for the agreement to be terminated. *See, e.g.,* Dkt. # 39 at 33. This is inaccurate, as the provision Plaintiffs reference, Article 13(A)(3), only appears in the Article addressing certain bargaining provisions *within the parameters of the 2024 CBA,* and simply states "the Agreement may only be *changed* upon mutual written consent of the Parties." *See* Dkt. # 19-1 at 66 (emphasis added). Neither the term in question, nor any other term in the agreement, addresses termination of the CBA, but rather solely the ability to change provisions within the CBA. *See* Dkt. # 19-1 at 211; Dkt. # 43 at 3. In fact, the portion of the CBA specifically addressing the duration of the agreement, Article 37, is silent on how the agreement could be terminated. *See* Dkt. # 19-1 at 211. Nor does the agreement address the effect of a new statutory determination regarding collective bargaining, let alone purport to limit TSA's discretionary authority to make such a determination. *See id.*

Indeed, as the 2024 collective bargaining agreement was entirely contingent upon TSA's 2022 Determination regarding collective bargaining, if the 2022 Determination was superseded and replaced by a new determination, then the continued validity of the agreement would necessarily depend on the terms of the new determination. In this case, both Secretary Noem's February Determination and her new determination do not permit collective bargaining and expressly supersede the 2022 Determination, such that the 2024 CBA is necessarily terminated. The terms of the 2024 CBA did not—and could not—prospectively prevent that result. Under Plaintiffs' logic, an agency's leadership at any point in time could enter into a collective

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 12
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

bargaining agreement to bind future agency leaders from freely exercising statutory discretion for extremely long durations or perhaps even indefinitely, which would negate congressional intent in affording discretion in the first place.

Critically, the 2022 Determination that allowed for the 2024 CBA *itself* superseded and replaced a prior determination, affirmatively stating that the CBA negotiated under that prior determination *would continue* in force, and specifying that Plaintiffs and TSA management would have only those rights conferred *"as set forth in this Determination."* Dkt. # 19-1 at 24 (Introduction), 25 (Sections 3, 4). This history reinforces that a TSA determination about collective bargaining, based on statutory authority, alone controls whether a CBA can be entered, continued, or terminated, regardless of any other agreement.

In sum, this Court's grounds for entering a preliminary injunction six months ago have eroded such that the injunction should be dissolved. Dissolution of the preliminary injunction serves judicial economy by streamlining this litigation, permitting it to move forward based only on evaluation of the new determination without wasting this Court's resources on potentially enforcing a preliminary injunction founded on a rescinded document. *See, e.g., Doe #1 by Doe #2 v. Mukwonago Area School Dist.*, 796 F. Supp. 3d 536, 541 (E.D. Wis. 2025) ("There is a cost to enforcing injunctions on an ongoing basis, both in potential time spent addressing violations, and in the specter of a federal court supervising the activities of the parties[.]"). Rather than attempting to contend with a preliminary injunction that was entered based on review of outdated circumstances and a now inoperative prior agency decision based on a superseded rationale and record, it would be more efficient for the parties and this Court to dissolve the injunction and move forward with any continued litigation based on current circumstances, the new agency decision currently in force, and the record supporting that new determination.

In the interest of ensuring orderly proceedings in this action, Defendants intend to implement Secretary Noem's September Determination thirty days after the date of this motion.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 13
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion be granted, the preliminary injunction, Dkt. # 39, be dissolved, and Plaintiffs' Complaint, Dkt. # 1, be dismissed without prejudice to filing an amended complaint challenging Secretary Noem's September Determination.

# CERTIFICATION

I certify that this memorandum contains 4,203 words, in compliance with Local Civil Rule LCR 7(e)(3).

DATED this 12th day of December 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

Attorneys for Defendants

---

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 14
(Case No. 2:25-cv-00451-JNW)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970