THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO TSA LOCAL 1121; COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO; and ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; HA NGUYEN MCNEILL, in her official capacity as the Senior Official Performing the Duties of the Administrator of the Transportation Security Administration; and TRANSPORTATION SECURITY ADMINISTRATION,<br><br>Defendants. | CASE NO. 2:25-cv-451-JNW<br><br>**PLAINTIFFS AFGE AND AFGE LOCAL 1121's REPLY IN SUPPORT OF EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION** |

PLS.' REPLY ISO MOT. TO ENFORCE PRELIM. INJ. – i
CASE NO. 2:25-cv-451-JNW

Defendants' silence speaks volumes. Specifically, in their response to Plaintiffs' Emergency Motion to Enforce Preliminary Injunction ("Motion"), Defendants do not cite, quote, or otherwise engage with the parameters of the Court's Preliminary Injunction order, which squarely prohibits Defendants from terminating the CBA and associated grievances. Nor do Defendants engage with the caselaw put forward by Plaintiffs demonstrating (1) that courts may enforce existing preliminary injunctions against new government actions and (2) that a claim is not moot when the government rescinds and then reinstates a challenged policy. These undisputed—and indisputable—points require this Court to grant Plaintiffs' Motion.

I. **The Actions Ordered by the September Determination Are Squarely Covered by the Preliminary Injunction, Which Is Not Moot.**

In their Motion, Plaintiffs demonstrated that the actions ordered by the September Determination—the termination of the 2024 CBA and associated grievances—are squarely covered by the Court's Preliminary Injunction. Dkt. #59 at 7-8. Defendants proffer the ipse dixit that the "text or context" of the Preliminary Injunction "cannot be squared" with Plaintiffs' position, Dkt. #68 at 4, but they never attempt to explain how an injunction that prohibits them from "[d]enying Plaintiffs, their members, and all bargaining unit TSOs any and all rights and/or working conditions guaranteed in the 2024 CBA," Dkt. #39 at 40, allows them to unilaterally terminate the CBA, refuse to grant the rights guaranteed therein, and implement new policies governing working conditions. By failing to develop any argument on this point, Defendants have waived any contention that the text of the Court's injunction does not encompass the September Determination. *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). And they have failed to develop such an argument for good reason: the plain text of the injunction is crystal clear.

PLS.' REPLY ISO MOT. TO ENFORCE PRELIM. INJ. – 1
CASE NO. 2:25-cv-451-JNW

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

1  That leaves Defendants to suggest that courts cannot, as a matter of law, issue injunctions that prevent agencies from taking future actions that reimplement an originally challenged policy. Dkt. #68 at 3-4. If that is their view, they should have moved to reconsider the Preliminary Injunction or appealed it, as the injunction by its terms prohibits any denial of the rights and working conditions guaranteed in the CBA during this litigation. Regardless, as Plaintiffs' Motion explained, courts can and do enforce existing preliminary injunctions to bar subsequent agency action, even where an agency acts pursuant to a new reasoning or justification. Dkt. #59 at 11-12 (discussing, *inter alia*, *City & Cnty. of S.F. v. Trump*, 782 F. Supp. 3d 830, 832 (N.D. Cal. 2025)). Defendants do not acknowledge this caselaw, let alone try to distinguish it.

And recent developments only further support Plaintiffs' Motion: Just last week, a district court granted a motion to clarify that an injunction requiring the Consumer Financial Protection Board ("CFPB") to perform its statutorily required duties continued to apply even though the Government had put forward a new rationale for ceasing operations of the agency. *NTEU v. Vought*, 2025 WL 3771192 (D.D.C. Dec. 30, 2025). There, the Government contended that a new injunction would be required to force the CFPB to request funds to continue operations. The court rejected this argument, concluding that the Government's newly minted position on agency funding "is not a valid justification for the agency's unilateral decision to abandon its obligations under the injunction." *Id.* at *4, *17.

In a related vein, Defendants assert (again without citation) that the injunction is moot because they have "rescinded and replaced" the February Determination with the September Determination. Dkt. #68 at 3. But as Plaintiffs have explained, Dkt. #59 at 12-13, the Government does not moot a case by repealing a policy if there is a "reasonable expectation" that it "will reenact the challenged provision or one similar to it." *Bd. of Trs. of Glazing Health & Welfare Tr. v.*

PLS.' REPLY ISO MOT. TO ENFORCE PRELIM. INJ. – 2
CASE NO. 2:25-cv-451-JNW

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

1  *Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019). Here, there is much more than a "reasonable expectation," as all agree that the September Determination "reached the same conclusions and directed the same outcomes as the February Determination." Dkt. #68 at 5.

That an injunction remains in effect and may be enforced in these circumstances makes sense considering the purpose of preliminary relief. While Defendants bemoan that the Preliminary Injunction "keep[s] the case frozen in the past," *Id.* at 3, preserving the status quo pending final judgment to avoid irreparable harm is precisely why this Court issued preliminary relief.

And while Defendants point to out-of-context quotes from *Biden v. Texas,* 597 U.S. 785 (2022), seeking to bolster their theory, that case is inapt. There, after a district court vacated an agency memorandum terminating the Migrant Protection Protocols ("MPP") program and issued an injunction requiring MPP to continue to be implemented in good faith, the Government appealed the injunction and eventually issued a new memorandum that further explained the reasons for the termination. *Id.* at 794-96. The Supreme Court concluded that the new memorandum terminating MPP was a separate "final agency action" for purposes of arbitrary-and-capricious review under the APA. *Id.* at 807-14. The question before the Court was *not* whether the agency had violated the district court's injunction—on the contrary, even after the new memorandum, the Government had committed to continue implementing MPP unless and until there was a "final judicial decision to vacate" the injunction. *Id.* at 796.[1]

---

[1] This stands in stark contrast to Defendants' actions in this case. Defendants claim that Plaintiffs' motion to enforce is "unnecessary" because Defendants have "taken no action to implement the September Determination" and "filed a motion seeking clarity." But when the September Determination was announced on December 12, 2025, Defendants told AFGE in no uncertain terms that it "*will* be implemented on January 11, 2026." Dkt. #59-2 Ex. 3 (emphasis added). FAQs sent to AFGE bargaining unit members reiterated the point, referring to the Preliminary Injunction but stating that it only "addressed Secretary Noem's February 27, 2025 Determination" and that "TSA intends to implement the September Determination on January 11, 2026." *Id.* Ex. 5. And

PLS.' REPLY ISO MOT. TO ENFORCE PRELIM. INJ. – 3
CASE NO. 2:25-cv-451-JNW

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

### II. Changed Circumstances Do Not Warrant Reconsidering the Preliminary Injunction, and Regardless, Do Not Affect the Present Motion.

Defendants spend much of their opposition arguing that the Preliminary Injunction should be dissolved. Dkt. #68 at 6-8. That is the subject of their pending motion to dissolve, Dkt. #58, which this Court need not address to resolve the present Motion. The question at issue in *this Motion* is whether Defendants' imminent termination of the CBA would violate the still-in-force Preliminary Injunction. *Cf. Loc. 28 of the Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 441 n.21 (1986) ("contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed").

That being said, for the reasons put forth in Plaintiffs' opposition brief to Defendants' motion to dissolve, Dkt. #70 at 9-18, Defendants have not met the burden necessary to dissolve the Preliminary Injunction. It is uncontested that the September Injunction implements the same policy that the Court found likely was contrary-to-law under the APA. Likelihood of success on a single claim is sufficient to grant preliminary injunctive relief. *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 760 (9th Cir. 2014) (ordering injunction when plaintiffs likely to succeed on just one of five claims). Defendants' efforts to collaterally attack the Court's contrary-to-law holding fall short, and they also have not attempted to explain why the Court's conclusion that Plaintiffs are likely to succeed on their due process claim does not apply with equal force to the September Determination. *See* Dkt. #70 at 14-16. As such, they have failed to meet their burden to show that changed circumstances mean that the Preliminary Injunction is no longer warranted. *See Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th

---

while Defendants moved to dissolve the Preliminary Injunction, that motion was originally noticed for briefing to be complete on Friday, January 9, 2026, just two days prior to the unilaterally determined termination date of Sunday, January 11, 2026. In these circumstances, where Plaintiffs and their members would suffer irreparable harm if the Court did not act, *see* Dkt. #39 at 37, Plaintiffs had little choice but to file the instant motion to enforce.

PLS.' REPLY ISO MOT. TO ENFORCE PRELIM. INJ. – 4
CASE NO. 2:25-cv-451-JNW

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Cir. 2019) (parties seeking dissolution must show "significant change of facts or law" that "warrants revision or dissolution of the injunction").

While they claim that *AFGE v. Trump*, 148 F.4th 648 (9th Cir. 2025), "strongly suggests" that CBAs may be terminated pursuant to discretionary authority, Dkt. #68 at 7, that appeal was solely about a First Amendment retaliation claim, involved an Executive Order issued pursuant to a different statute, and itself noted that agencies had been directed "to refrain from terminating collective bargaining agreements until litigation has concluded." 148 F.4th at 656. It thus sheds no light on Plaintiffs' claim that termination of the AFGE-TSA CBA was contrary to law, much less constitutes a significant change of law. And because motions to dissolve are intended to address changed circumstances and "cannot be used to challenge the imposition of the original injunction," *U.S. ex rel. FTC v. Bus. Recovery Servs. LLC*, 488 F. App'x 188, 190 (9th Cir. 2012), Defendants' efforts to relitigate the merits of the Preliminary Injunction with arguments that could have been raised initially should be rejected.

## CONCLUSION

For the reasons stated above and in their Emergency Motion to Enforce Preliminary Injunction, Plaintiffs respectfully request that the Court enforce its Preliminary Injunction and confirm that it bars Defendants from terminating the 2024 CBA and associated grievances and arbitrations.

Respectfully submitted,

Date: January 9, 2026

/s/ Kathleen Phair Barnard
Kathleen Phair Barnard, WSBA No. 17896
/s/ Robert H. Lavitt
Robert H. Lavitt, WSBA No. 27758
Barnard Iglitzin & Lavitt LLP
18 W Mercer St, Suite 400

PLS.' REPLY ISO MOT. TO ENFORCE PRELIM. INJ. – 5
CASE NO. 2:25-cv-451-JNW

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

Seattle, WA 98119
(206) 257-6004
barnard@workerlaw.com
lavitt@workerlaw.com

*I certify that this memorandum contains 1417 words, in compliance with the Local Civil Rules.*

*/s/ Abigail V. Carter*
 Abigail V. Carter*
*/s/ Jacob Karabell*
Jacob Karabell*
*/s/ J. Alexander Rowell*
J. Alexander Rowell*
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W. Suite 1000
Washington, D.C. 20005
(202) 842-2600
(202) 842-1888 (fax)
acarter@bredhoff.com
jkarabell@bredhoff.com
arowell@bredhoff.com


*/s/ Norman L. Eisen*
Norman L. Eisen*
*/s/ Pooja Chaudhuri*
Pooja Chaudhuri*
*/s/ Taryn Wilgus Null*
Taryn Wilgus Null*
Democracy Defenders Fund
600 Pennsylvania Avenue SE, Suite 15180
Washington, D.C. 20003
(202) 594-9958
norman@democracydefenders.org
pooja@democracydefenders.org
taryn@democracydefenders.org

`             *Admitted pro hac vice*

*Counsel for Plaintiffs*

*/s/ Rushab B. Sanghvi*
Rushab B. Sanghvi*
*/s/ Andres M. Grajales*
Andres M. Grajales*

PLS.' REPLY ISO MOT. TO ENFORCE PRELIM. INJ. – 6
CASE NO. 2:25-cv-451-JNW

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
**BARNARD IGLITZIN & LAVITT LLP**

American Federation Of
Government Employees, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
(202) 639-6426
SanghR@afge.org
Grajaa@afge.org

*Admitted pro hac vice*

*Counsel for Plaintiff American Federation of Government Employees (AFGE)*

PLS.' REPLY ISO MOT. TO ENFORCE PRELIM. INJ. – 7
CASE NO. 2:25-cv-451-JNW

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP