Judge Whitehead

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO TSA LOCAL 1121; COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO; and ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; HA NGUYEN McNEILL, in her official capacity as Senior Official Performing the Duties of the Administrator of the Transportation Security Administration; and TRANSPORTATION SECURITY ADMINISTRATION,<br><br>Defendants. | CASE NO. 2:25-cv-00451-JNW<br><br>**DEFENDANTS' REPLY RE: MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION** |

Defendants Kristi Noem and Ha Nguyen McNeill, in their official capacities, and the Department of Homeland Security ("DHS") and Transportation Security Administration ("TSA"),

DEFENDANTS' REPLY RE: MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 1
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

through their attorneys, Charles Neil Floyd, United States Attorney for the Western District of Washington, and Brian C. Kipnis, Assistant United States Attorney, hereby submit this reply memorandum of law in response to Plaintiffs' Opposition to Defendants' Motion to Dismiss and for Dissolution of Preliminary Injunction, Dkt. # 70, filed on January 9, 2026.

## INTRODUCTION

As established in Defendants' motion, Dkt. # 58, Plaintiffs' complaint in this action challenges a now-defunct determination issued by Secretary Noem on February 27, 2025 (the "February Determination"). The February Determination was entirely rescinded, superseded, and replaced by a new determination issued by Secretary Noem on September 29, 2025, and announced to Plaintiffs and the workforce on December 12, 2025 (the "September Determination").[1] Because the February Determination challenged by Plaintiffs' complaint is no longer in force and has no legal effect, their claims concerning that determination and request for relief from implementation of that determination are now moot. Accordingly, the complaint should be dismissed, and this action should only proceed on the basis of an amended complaint that entirely replaces and supersedes the original complaint and only states legal claims against the September Determination. Additionally, because the now-defunct February Determination was the final agency action that provided the jurisdictional basis underpinning the preliminary injunction order entered on June 2, 2025, Dkt. # 39, the supersession of that prior determination should necessarily result in dissolution of the preliminary injunction. After filing an amended complaint stating claims concerning the September Determination, Plaintiffs are free to file a new motion seeking preliminary relief based on those claims.

---

[1] The delay in announcing the September Determination resulted from the government shutdown that occurred from October 1 to November 12, 2025. Because of staffing limitations due to furloughs, the fact that full time AFGE representatives returned to screening duties during the shutdown, and to avoid the potential for workforce confusion and operational disruption, Defendants waited until after the shutdown and Thanksgiving holiday travel period to announce the determination and handle the attendant activities related to workforce communication, preparation for implementation, and this litigation.

DEFENDANTS' REPLY RE: MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 2
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

# ARGUMENT

## I. THE EXISTING ORIGINAL COMPLAINT SHOULD BE DISMISSED AS MOOT.

As explained in Defendants' motion, Plaintiffs' currently operative pleading, the complaint filed on March 13, 2025, Dkt. # 1, specifically challenges and arises solely from the now-defunct February Determination and is therefore moot. Plaintiffs' response misses the focus of Defendants' argument on the mootness of the *currently operative pleading* rather than this civil action in its entirety. Plaintiffs contend that "this case is not moot," Dkt. # 70 at 12, and Defendants agree. Defendants assert only that the original complaint is moot because the agency action it addressed was rescinded, such that an amended complaint is required for this action to proceed. Plaintiffs appear to agree that a new pleading is necessary, as they have filed a motion for leave to file a supplemental complaint, Dkt. # 69, and their response brief does not specifically argue that their Complaint—as distinct from this this civil action as a whole—is also not moot.[2]

## II. THE PRELIMINARY INJUNCTION SHOULD BE DISSOLVED BECAUSE THE PREDICATE AGENCY ACTION IS DEFUNCT.

Plaintiffs do not—and cannot—dispute that the jurisdictional predicate for their original complaint and the preliminary injunction order based on the claims pled in that complaint is the

---

[2] As will be fully set out in Defendants' response to Plaintiffs' motion to file a supplemental complaint, Defendants oppose the filing of a *supplemental* rather than *amended* complaint at this juncture because of the possibility of confusion about the effect of a supplemental pleading. It is clear that an amended complaint supersedes the original complaint and renders it without legal effect. *See, e.g., Lacey v. Maricopa Cnty.,* 693 F.3d 896, 927 (9th Cir. 2012). By contrast, Ninth Circuit case law has created uncertainty about the effect of a supplemental complaint. *See Chavez-DeRemer v. Christy,* No. 24-cv-2640, 2025 WL 861420, at *1 n.1 (D. Ariz. Mar. 19, 2025) ("Ninth Circuit law is . . . inconsistent as to the relationship between the original complaint and the supplemental complaint."). In some cases, the Ninth Circuit has indicated that filing a supplemental complaint leaves the original complaint in place, and the original and supplemental complaints are treated as "merged," jointly operative pleadings. *See Sweet v. Cardona,* 121 F.4th 32, 47 (9th Cir. 2024); *Brown v. Att'y Gen. for Nevada,* 613 F. App'x 608 (9th Cir. 2015). Regardless of labeling, Defendants contend that any new pleading should be clearly identified as the sole operative pleading such that the original complaint is rendered non-existent, and allegations regarding the prior February Determination should be deemed as background only, as any legal claim challenging that prior determination is moot.

DEFENDANTS' REPLY RE: MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 3
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

now-defunct February Determination. Because the jurisdictional basis for the preliminary injunction has been eliminated, the injunction should be dissolved. As explained in Defendants' motion, if Plaintiffs wish to challenge the September Determination and seek preliminary relief from its implementation, the proper procedure is filing an amended complaint and a motion for preliminary relief based on that amended pleading. Plaintiffs should not be permitted to avoid that procedure, which will put this litigation in a posture reflecting current circumstances, by keeping the case frozen in the past through continued maintenance of a preliminary injunction entered more than six months ago based on a prior agency decision that has been rescinded and no longer has any legal effect.

At the hearing on January 13, 2026, the Court raised concerns that an agency could circumvent the purpose of a preliminary injunction order by serially reissuing a challenged agency decision each time it is subject to an injunction. Such concerns are purely hypothetical, and there is no basis for finding that Defendants acted in bad faith. Instead, the September Determination was a legitimate, lawful exercise of Defendants' authorities and the result of reasoned decisionmaking in the course of Defendants' continually ongoing obligations to manage government operations. A preliminary order enjoining a particular agency decision does not suspend those obligations or government officials' authority to make *new* decisions on the same subject matter. *See Biden v. Texas*, 597 U.S. 785, 813 (2022) (explaining that "[n]othing prevents an agency from undertaking new agency action" when "its original action" has been enjoined and litigation regarding that original action remains ongoing). Indeed, "upon [a court] finding that the grounds for agency action are inadequate," the agency "can deal with the problem afresh by taking *new* agency action." *Id.* at 807-08 (quotations omitted). Any suggestion that there was something tricky or illegitimate about Defendants "return[ing] to the drawing table and tak[ing] new action" following the preliminary injunction order is simply incorrect. *Id.* at 811 (finding no problem with issuance of a new decision memorandum when "the entire purpose" was to replace an enjoined prior decision).

DEFENDANTS' REPLY RE: MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 4
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Moreover, in announcing the September Determination, Defendants had a legitimate business and operational justification for the delay. There is no basis to presume or suggest bad faith or an ulterior motive by Defendants. As noted above, *see supra* n.1, Secretary Noem's September Determination was signed just one day before the start of the longest ever government shutdown. The shutdown put significant stress on TSA as headquarters management and attorney staff, including many of the subject-matter experts with primary responsibility for workforce communication, implementation preparation, and litigation activities associated with labor relations determinations, were furloughed. Furthermore, the front-line screening workforce went unpaid, full-time AFGE representatives were returned to screening operations, and unscheduled absence rates increased. When the shutdown finally ended on November 12, 2025, furloughed staff returned to significant backlogs of accumulated work and the screening workforce was preparing for the Thanksgiving holiday travel period that brings some of the highest volumes of air travelers all year. Given those challenges during the shutdown and the immediate weeks following its end, Defendants quite reasonably waited until December 12 to announce the September Determination and begin attendant communication, implementation preparation, and litigation activities. There was no reason for Defendants to announce the September Determination earlier, as neither Plaintiffs nor the workforce has any entitlement to advance notice of a determination made pursuant to ATSA § 111(d). Defendants reasonably decided that announcing the September Determination earlier, before TSA had overcome the stresses brought about by the government shutdown and returned to normal operations, would create the potential for confusion and operational disruption. During the interim between signature and announcement of the September Determination, AFGE's status remained unchanged, and Defendants abided by the preliminary injunction.

### III. CHANGED CIRCUMSTANCES WARRANT DISSOLUTION OF THE PRELIMINARY INJUNCTION

As explained above, because the preliminary injunction order was based entirely on the claims stated in Plaintiffs' original complaint, which in turn were based solely on the February

DEFENDANTS' REPLY RE: MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 5
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1   Determination that has now been rescinded, the injunction should be dissolved. After filing an
2   amended pleading stating claims based on the September Determination, Plaintiffs are free to seek
3   preliminary relief based on those claims. Rather than following that procedure, Plaintiffs insist
4   that the existing preliminary injunction should be maintained because some of the Court's legal
5   conclusions in the preliminary injunction order appear applicable to the September Determination.
6   In particular, Plaintiffs assert that the Court's prior holdings that they are likely to succeed on the
7   merits of their Due Process claim and "contrary-to-law" claim under the Administrative Procedure
8   Act (APA) are unaffected by the September Determination's supersession of the February
9   Determination. *See* Dkt. # 70 at 17 (arguing that "the September Determination's new purported
10  justifications do not affect the contrary-to-law or due process claims"). The Court should reject
11  this argument for maintaining the preliminary injunction order.

12       First, it does not matter if some of the reasoning supporting the order might be applicable
13  to the circumstances now because the order is necessarily predicated on a complaint that is moot
14  because it challenges a now-defunct agency action. As the jurisdictional underpinnings of the
15  order are now a nullity, the order should be dissolved.

16       This question regarding the viability of the existing injunction order is underscored by the
17  order's lack of clarity regarding whether the findings regarding the various claims are
18  independently sufficient to sustain it. Plaintiffs unambiguously presented several legal theories in
19  their complaint, and the injunction order embraced each. But, apart from the First Amendment
20  claim (Dkt. # 39 at 37), the order lacks information shedding light on whether each claim is
21  independently sufficient to meet the first two requirements for a preliminary injunction (*e.g.*, an
22  adequate likelihood of success on the merits and a showing of irreparable harm). This is significant
23  because the September Determination *necessarily* alters the landscape of considerations that would
24  warrant a preliminary injunction (or the continuation of the court's existing injunction) as to that
25  later order. In the Ninth Circuit, a sliding scale evaluation is still permissible when weighing the
26  adequacy of both the likelihood of success on the merits and the showing of irreparable harm. *E.g.*,
27  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011) (indicating that a
28

DEFENDANTS' REPLY RE: MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 6
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

lesser showing on either of the first two prongs could offset be offset by a stronger showing as to the other). While a likelihood of success on the merits and an irreparable harm as to any one claim *could* be enough to sustain a preliminary injunction in the abstract, there is not enough clarity in the preliminary injunction order to conclusively establish that this would remain true in the face of a new agency action with a materially different record.

Second and relatedly, much of the reasoning supporting the preliminary injunction order is moot because it was tied to the now-rescinded February Determination. Indeed, Plaintiffs acknowledge that "the September Determination includes new reasoning and purported justifications" that "affect the analysis underpinning" their APA claim that Defendants' actions were arbitrary and capricious. Dkt. # 59 at 12. Similarly, as explained in Defendants' motion, Plaintiffs' First Amendment retaliation claim is specifically based on circumstances surrounding the February Determination and thus cannot be neatly reasserted to challenge the September Determination. *See* Dkt. # 58 at 10 ("[T]he passage of time and the factual record and deliberative process leading to Secretary Noem's September Determination also undermine any inference of retaliatory causation[.]"). Because so much of the rationale underpinning the preliminary injunction order has fallen away due to the fundamental changed circumstance of the September Determination superseding and replacing the February Determination, it would not be equitable to maintain the current preliminary injunction going forward. Instead, the Court should dissolve the preliminary injunction, and then, if Plaintiffs so request, undertake a holistic reconsideration of whether preliminary relief is warranted based on the claims and allegations in an amended pleading.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion, Dkt. # 58, dismiss the complaint, Dkt. # 1, as moot, dissolve the preliminary injunction order, Dkt. # 39, and establish a deadline for Plaintiffs to file an amended complaint.

//

//

DEFENDANTS' REPLY RE: MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 7
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

# CERTIFICATION

I certify that this memorandum contains 2,162 words, in compliance with Local Civil Rule LCR 7(e)(3).

DATED this 16th day of January 2026.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney


*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

Attorneys for Defendants

DEFENDANTS' REPLY RE: MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 8
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970