Judge Whitehead

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO TSA LOCAL 1121; COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO; and ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; HA NGUYEN McNEILL, in her official capacity as Senior Official Performing the Duties of the Administrator of the Transportation Security Administration; and TRANSPORTATION SECURITY ADMINISTRATION,<br><br>Defendants. | CASE NO.  2:25-cv-00451-JNW<br><br>**DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** |

Defendants Kristi Noem and Ha Nguyen McNeill, in their official capacities, and the Department of Homeland Security ("DHS") and Transportation Security Administration ("TSA"),

DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT- 1
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

through their attorneys, Charles Neil Floyd, United States Attorney for the Western District of Washington, and Brian C. Kipnis, Assistant United States Attorney, hereby submit this memorandum of law in response to Plaintiffs' Motion for Leave to File Supplemental Complaint, Dkt. # 69, filed on January 9, 2026.

## INTRODUCTION

Plaintiffs' complaint in this action, Dkt. # 1, challenges a determination issued by Secretary Noem on February 27, 2025 (the "February Determination"). The February Determination, via authorities under Section 111(d) of the Aviation and Transportation Security Act ("ATSA"), Pub. Law. No. 107-71, 115 Stat. 597, 620 (classified as a note to 49 U.S.C. § 44935), granting the TSA Administrator discretion to set the terms and conditions of employment for airport screeners, stated that for operational and national security reasons, collective bargaining and exclusive representation were prohibited. On June 2, 2025, this Court issued a preliminary injunction premised on the February Determination, enjoining Defendants from implementing it. The February Determination has now been rescinded and replaced by a new determination, based on new facts and data, signed by Secretary Noem on September 29, 2025 (the "September Determination"), and issued to Plaintiffs and the workforce on December 12, 2025. The September Determination is based on an entirely different supporting record and data unavailable to Secretary Noem at the time of the February Determination.

As explained in Defendants' pending motion to dismiss filed on December 12, 2025, Dkt. # 58, because the February Determination challenged by Plaintiffs' complaint is no longer in effect or operative, their claims concerning that determination and request for relief from implementation of that determination are now moot. Accordingly, Defendants contend that this action should only proceed on the basis of an amended complaint that entirely replaces and supersedes the original complaint and only states legal claims regarding the September Determination.

//

//

DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT- 2
(Case No. C25-0451MJP)

## ARGUMENT

Plaintiffs and Defendants appear to agree that this action should proceed based on a new pleading. Defendants assert, however, that it would be most efficient to have a ruling from the Court on the already pending motion to dismiss, which may clarify issues and provide helpful direction for the parties, before addressing a new pleading. In addition, Defendants oppose Plaintiffs' motion because the intended effect of the proposed supplemental complaint is not clear. It appears that Plaintiffs may seek to maintain *both* the original complaint *and* the supplemental complaint as "merged," jointly operative pleadings going forward in this action. *Sweet v. Cardona*, 121 F.4th 32, 47 (9th Cir. 2024) ("[U]nder Rule 15(d), Plaintiffs' supplemental complaint merged with their then-operative complaint."). Upon reviewing the redline version of the proposed new pleading, it indicates in places that Plaintiffs intend to supersede and replace the moot claims stated in the original complaint. *See* Dkt. # 69-2 at ¶ 145 (revising the pleading to strike the assertion that the February Determination—which is no longer in force—should be set aside and add instead that the now-operative September Determination should be set aside). But it also appears in other places that the proposed new pleading may seek to continue to challenge aspects of the now-defunct February Determination and the circumstances around its issuance. *See id.* at ¶ 149.

Defendants' position remains that the original complaint is moot and must be entirely replaced by a new complaint. Defendants therefore request that the Court clarify that any new proposed pleading accepted from Plaintiffs for filing will be the sole operative pleading in this case and the original complaint will be rendered "non-existent," *Jackson v. Fong*, 870 F.3d 928, 934 (9th Cir. 2017). Defendants' request in this regard is necessary because Ninth Circuit law is "inconsistent as to the relationship between the original complaint and [a] supplemental complaint." *Chavez-DeRemer v. Christy*, No. 24-cv-2640, 2025 WL 861420, at *1 n.1 (D. Ariz. Mar. 19, 2025). In some cases, the Ninth Circuit has indicated that filing a supplemental complaint leaves the original complaint in place and operative. *Sweet*, 121 F.4th at 47; *Brown v. Att'y Gen. for Nevada*, 613 F. App'x 608 (9th Cir. 2015). But in *Jackson*, the Ninth Circuit stated that "a supplemental complaint completely supersedes any earlier complaint, rendering the original

DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT- 3
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

complaint non-existent." 870 F.3d at 934.[1] Given the lack of certainty about the effect of a supplemental complaint, Defendants oppose Plaintiffs' motion at this juncture.

Defendants contend that regardless of labeling, any new pleading from Plaintiffs must serve as a complete replacement for the original complaint such that the original complaint is rendered non-existent, and any allegations regarding the now-defunct February Determination must be construed as background only, as any legal claim challenging that prior determination is moot.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion, Dkt. # 69, be denied.

## CERTIFICATION

I certify that this memorandum contains 873 words, in compliance with Local Civil Rule LCR 7(e)(3).

DATED this 26th day of January 2026.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
Email: brian.kipnis@usdoj.gov

Attorneys for Defendants

---

[1] Defendants have sought to avoid this confusion by asserting that an *amended* rather than *supplemental* pleading is appropriate here, as it is clear that an amended complaint has the effect of supplanting any earlier filed complaint. *See, e.g., Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect[.]").

DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT- 4
(Case No. C25-0451MJP)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970