UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, et al., <br><br> Defendants. | CASE NO. 2:25-cv-00451-JNW <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT |

This matter comes before the Court on Plaintiffs' motion for leave to supplement the complaint. Dkt. No. 69. Having reviewed the motion, Defendants' response, Dkt. No. 77, the reply, Dkt. No. 78, the relevant record, and all other supporting materials, the Court GRANTS the motion.

Plaintiffs seek leave to supplement their March 13, 2025, complaint to address the September 29, 2025, determination issued by then-Department of

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT - 1

Homeland Security Secretary Kristi Noem (the "September Determination").[1] Under Federal Rule of Civil Procedure 15(d), the Court may "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Courts are afforded "broad discretion" in allowing supplemental pleadings and the practice is favored as a "tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (citing Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment). To that end, courts in the Ninth Circuit "liberally construe Rule 15(d) absent a showing of prejudice to the defendant." *Id.* at 475.

On this record, the Court finds that Plaintiffs may supplement their complaint to address the September Determination, which issued after the date of the original complaint. The original complaint and Plaintiffs' proposed supplementation involve the same underlying concern—that the dissolution of the 2024 CBA abrogated Plaintiffs' rights under the First and Fifth Amendments and violated the Administrative Procedure Act. *See* Dkt. No. 69-2 at 26–33 (indicating Plaintiffs' proposed changes between the complaint and supplemental complaint). This proposed supplementation is "well within the basic aim" of Rule 15(d). *Keith*, 858 F.2d at 475 (quoting *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964)).

---

[1] For the purposes of this Order, the Court incorporates the factual background found in the Court's January 15, 2026, Order Clarifying Preliminary Injunction. *See* Dkt. No. 73 at 2–5.

Defendants concede that a new pleading is warranted but raise concerns that "the intended effect of the proposed supplemental complaint is not clear," as certain language in the proposed supplemental complaint appears to specifically challenge the implementation of the previous Noem Determination, which Defendants argue is moot. *See* Dkt. No. 77 at 3; *see also* Dkt. No. 58 at 5–6. The Court notes these concerns but does not find it necessary to address them point at this juncture. For now, it is enough to say that Defendants have not claimed they would be prejudiced by Plaintiffs' supplementation and thus leave should be freely given under Rule 15(d).

Accordingly, the Court GRANTS Plaintiffs' motion to supplement the complaint. Dkt. No. 69.[2] Within seven (7) days of this order, Plaintiffs must file their supplemental complaint. While the substance of the supplemental complaint should conform to the document filed at Dkt. No. 69-1, Plaintiffs must substitute the correct official-capacity defendants and update the case caption accordingly.

Dated this 6th day of July, 2026.

Jamal N. Whitehead
United States District Judge

---

[2] The Court also finds good cause to modify the case schedule under Federal Rule of Civil Procedure 16(b)(4) to allow for otherwise untimely supplementation of the complaint, as Plaintiffs were only made aware of the September Noem Determination on December 12, 2025, after the November 12, 2025, deadline for amended pleading in this matter had passed. *See* Dkt. No. 73 at 4.

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT - 3