UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-
CIO, et al.,

          Plaintiffs,

    v.

MARKWAYNE MULLIN, in his official
capacity as Secretary of Homeland
Security, et al.,

          Defendants.

CASE NO. 2:25-cv-00451-JNW

ORDER DENYING DEFENDANTS'
SECOND MOTION TO DISMISS

## 1.  INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss and for Dissolution of Preliminary Injunction. Dkt. No. 58. Having reviewed the motion, Plaintiffs' opposition, Dkt. No. 70, the reply, Dkt. No. 75, the relevant record, and all other supporting materials, the Court DENIES the motion for the reasons stated below.

## 2.  BACKGROUND

This case concerns Defendants' decision to terminate the 2024 Collective Bargaining Agreement ("CBA") between the American Federation of Government

ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS - 1

Employees ("AFGE") and the Transportation Security Administration (TSA). The CBA governs terms and conditions of employment for nearly 26,000 Transportation Security Officers ("TSOs") who are AFGE members working in airports throughout the United States. Dkt. No. 59-2 ¶¶ 4, 8.

On February 27, 2025, then-Department of Homeland Security Secretary Kristi Noem issued a memorandum to Adam Stahl, the senior official performing the duties of the Administrator of TSA, entitled "Supporting the TSA Workforce by Removing a Union That Harms Transportation Security Officers" ("February Noem Determination"). Dkt. No. 19-1. The February Noem Determination rescinded previous agency actions expanding collective bargaining rights to TSOs, terminated the 2024 CBA, stripped AFGE of its elected status as the exclusive representative of the TSOs, cancelled the grievance and arbitration processes provided for by the 2024 CBA, and discontinued the ability for TSOs to pay voluntary dues from their paychecks. *Id.*

AFGE and other Plaintiffs challenged the February Noem Determination, claiming that it constitutes retaliation in violation of the First Amendment, violates the Due Process guarantees provided by the Fifth Amendment, and violates the Administrative Procedure Act as an arbitrary and capricious agency action that is also contrary to law. *See generally*, Dkt. No. 1.

On June 2, 2025, United States District Judge Marsha J. Pechman granted Plaintiffs' motion for a preliminary injunction. Dkt. No. 39. Judge Pechman found that the court had jurisdiction to hear Plaintiffs' claims and that they were likely to succeed on the merits—including their claim that unilateral termination of the CBA

ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS - 2

violated the Administrative Procedure Act because the CBA has the force and effect of law, and their claim that the termination without process violated Plaintiffs' due process rights. *Id.* Judge Pechman also found that Plaintiffs would suffer irreparable harm without an injunction, and that the balance of hardships and the public interest favored injunctive relief. *Id.* The order found irreparable harm in the loss of the CBA's substantive employment protections, its grievance and arbitration procedures, Plaintiffs' bargaining power, and union dues, and it separately identified the chilling of Plaintiffs' First Amendment rights as "an independent, irreparable harm." *Id.* at 37. The injunction itself contains three prongs. The first and third address the Noem Determination by name; Prong 2 sweeps more broadly, enjoining Defendants from "[d]enying Plaintiffs, their members, and all bargaining unit TSOs any and all rights and/or working conditions guaranteed in the 2024 CBA." *Id.* at 40. Defendants did not move for reconsideration or appeal, and this case was later reassigned to the undersigned judge.

Secretary Noem issued a second determination on September 29, 2025, entitled "Eliminating Collective Bargaining at TSA Due to its Incompatibility with TSA's National Security Mission and its Adverse Impact on Resources, Flexibility, Mission Focus, Security Effectiveness, and Traveler Experience" ("September Noem Determination"). Dkt. No. 59-1. Like its predecessor, the September Noem Determination purports to rescind "[a]ll prior Determinations," declares that the 2024 CBA is "terminated," directs TSA to "immediately cancel all voluntary dues deductions through payroll" and to "cancel all grievances and arbitrations," and provides that TSA screening officers "shall not have the right to elect an exclusive

ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS - 3

representative for the purpose of collective bargaining or for any other purpose." *Id.* at 10.

On December 12, 2025, Defendants filed their Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Dissolution of Preliminary Injunction, arguing that the September Noem Determination moots the operative complaint and that the preliminary injunction should be dissolved with it. Dkt. No. 58. While that motion was pending, the Court clarified that the preliminary injunction prohibits Defendants from implementing the September Noem Determination because Prong 2 "prohibits the denial of CBA rights regardless of the vehicle used to accomplish that denial." Dkt. No. 73 at 6. In doing so, the Court did not then rule on Defendants' arguments against the "jurisdictional, legal, and factual basis for the injunction," finding that those arguments would be resolved through Defendants' motion to dismiss. *Id.* at 6–7.

The Court also granted Plaintiffs leave to supplement their complaint to address the September Noem Determination, Dkt. No. 84, and Plaintiffs did so, Dkt. No. 85. The Court now turns to whether the claims should be dismissed as moot and whether the injunction should be dissolved.

### 3.  DISCUSSION

### 3.1  Defendants' mootness argument fails in light of the supplemental complaint.

"The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081,

1086 (9th Cir. 2011). "A case becomes moot—and therefore no longer a [c]ase or [c]ontroversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotations omitted). "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide," *S. Or. Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1134 (9th Cir. 2004), and when defendants claim that their own conduct mooted the case, that burden is a "heavy" one, *White v. Lee*, 227 F.3d 1214, 1243–44 (9th Cir. 2000).

In issuing the September Noem Determination, then-Secretary Noem rescinded and replaced the February Noem Determination, which formed the basis of the original complaint. Defendants argue that this rescission and replacement strips the Court of jurisdiction because "[i]t is well established that the supersession of an agency order moots any challenges to the original order." *WildEarth Guardians v. Haaland*, No. 22-15029, 2023 WL 8613628, at *1 (9th Cir. Dec. 13, 2023). The rule, however, is not as cut-and-dried as Defendants make it out to be. *See, e.g.*, *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 106 (D.C. Cir. 2016) ("[V]oluntary repeal of a regulation does not moot a case if there is reason to believe the agency will reinstitute it."). Indeed, Defendants' own lead authority recognizes that a challenge stays live when "the relevant challenged condition had been reiterated" in the agency's replacement decision. *WildEarth Guardians*, 2023 WL 8613628, at *2 (citing *Kescoli v. Babbitt*, 101 F.3d 1304, 1308–09 (9th Cir.

ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS - 5

1996)). And the September Noem Determination reiterates every operative command of the February Noem Determination.

But the Court need not wade into that thicket because Plaintiffs have since filed a supplemental complaint under Federal Rule of Civil Procedure 15(d) to include allegations pertaining to the September Noem Determination. *See* Dkt. No. 85. Plaintiffs thus corrected the claimed subject-matter "defect" through supplementation, avoiding "'the needless formality and expense of instituting a new action when events occurring after the original filing indicated a right to relief.'" *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044 (9th Cir. 2015) (quoting Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 1505, pgs. 262–63). Defendants agree with the endpoint—on reply, they clarify that they do not contend this case is moot, only that the original complaint is. Dkt. No. 75 at 3. That narrows the dispute to pleading mechanics, and the Court's order granting leave to supplement resolved that dispute.

Because the September Noem Determination remains in effect, the Court finds that the operative supplemental complaint is not moot as it involves a live dispute "embedded in an[ ] actual controversy about the plaintiffs' particular legal rights." *Alvarez v. Smith*, 558 U.S. 87, 93 (2009). Accordingly, Defendants' motion to dismiss is DENIED.

## 3.2    The preliminary injunction remains in place.

Defendants also seek to dissolve the preliminary injunction as invalid in the face of the September Noem Determination and recent Ninth Circuit precedent.

ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS - 6

Courts in the Ninth Circuit use a two-step inquiry to decide whether an injunction should be modified or dissolved. *See Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019); *Sharp v. Weston*, 233 F.3d 1166, 1169–70 (9th Cir. 2000). First, the party seeking dissolution or modification must show a "'significant change in facts or law.'" *Karnoski*, 926 F.3d at 1198 (quoting *Sharp,* 233 F.3d at 1170). If that showing is made, "the court must address whether this change warrants dissolution of the injunction"—an inquiry "guided by the same criteria that govern the issuance of a preliminary injunction." *Id.*; *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). At both steps, the burden rests on the party seeking dissolution. *Karnoski*, 926 F.3d at 1198.

Defendants posit a "significant change" in both fact and law. First, they argue that the September Noem Determination includes new information that undermines the injunction's analysis of Plaintiffs' arbitrary and capricious claim under the Administrative Procedure Act (APA). Dkt. No. 58 at 7. Second, they argue that Plaintiffs are now unlikely to succeed on the merits of their First Amendment retaliation claim given the Ninth Circuit's opinion in *AFGE v. Trump,* 148 F.4th 648 (9th Cir. 2025). Dkt. No. 58 at 8–11. The Court will assume, without deciding, that the September Noem Determination and *AFGE v. Trump* work significant changes in fact and law. Even so, Defendants must show that those changes warrant dissolution under the preliminary-injunction criteria, *Karnoski*, 926 F.3d at 1198, and this they cannot do because the changes they identify do not touch two findings on which the injunction independently rests.

ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS - 7

Start with what the preliminary injunction order found. It found that Plaintiffs were likely to succeed on their contrary-to-law claim under the APA and their Fifth Amendment Due Process claims, each of which formed an independent basis for the injunction. *See* Dkt. No. 39 at 33 (finding Plaintiffs likely to succeed on the merits of their contrary to law claim under the APA), 35–37 (same as to Plaintiffs' Due Process claims). It is well-settled that a preliminary injunction may issue on a single claim among several. *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 767 (9th Cir. 2014) (reversing denial of a preliminary injunction where the plaintiffs were likely to succeed on only one of five claims).

Defendants respond that the preliminary injunction order "lacks clarity" about whether each claim independently satisfies the first two *Winter* requirements, invoking the sliding scale of *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Dkt. No. 75 at 6–7. The order's own text answers them. It applied *Cottrell* as its governing framework, Dkt. No. 39 at 25, found Plaintiffs likely to succeed on each claim, and grounded the irreparable harm in the loss of the CBA rather than in any theory unique to the claims the Court has assumed away. Nor do Defendants identify anything in the September Noem Determination that disturbs the order's balance-of-hardships or public-interest findings, *id.* at 37— criteria on which they also bear the burden. *Karnoski*, 926 F.3d at 1198.

Defendants' remaining arguments attack the original findings on the two unaffected claims. *See* Dkt. No. 58 at 11–13. While they make some mention of the *AFGE v. Trump* case, Defendants' arguments do not center any substantial change

of law or fact but rather "relitigate the issues underlying the original preliminary injunction order." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Defendants cannot mount this challenge in this posture. "A motion to modify or dissolve an injunction cannot be used to challenge the imposition of the original injunction." *U.S. ex rel. FTC v. Bus. Recovery Servs. LLC*, 488 F. App'x 188, 189–90 (9th Cir. 2012) (citing *Gon v. First State Ins. Co.*, 871 F.2d 863, 866 (9th Cir. 1989)). These arguments rely on information known to the Parties when the preliminary injunction issued, and they are properly framed as an untimely request for reconsideration of Judge Pechman's order. *See* LCR 7(h)(2) (motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed.").

Thus, having shown no significant change in law or fact pertaining to those two claims, Defendants have failed to meet their burden to show that the preliminary injunction should be dissolved or modified. *Karnoski*, 926 F.3d at 1198.

## 4.  CONCLUSION

In sum, Defendants' motion to dismiss and to dissolve the preliminary injunction, Dkt. No. 58, is DENIED. The preliminary injunction, Dkt. No. 39, as clarified by the Court's January 15, 2026, order, Dkt. No. 73, remains in full force unless and until it is modified, dissolved, or stayed.

Dated this 28th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS - 9